**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Michael W. SELLERS, Jr.,
Defendant-Appellant.**

No. 49958.

Missouri Court of Appeals,
Eastern District,
Division One.

April 15, 1986.

Motion for Rehearing and/or Transfer
Denied May 13, 1986.

Application to Transfer Denied
June 17, 1986.

Maria V. Perron, Clayton, for defendant-appellant.

William L. Webster, John M. Morris, Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from a jury verdict and judgment convicting appellant Michael Sellers, Jr. of attempted robbery in the first degree, Sec. 564.011 RSMo.1978, assault in the second degree, Sec. 565.060 RSMo.1978 (Revised October 1, 1984, Sec. 565.060 RSMo.Supp.1984), and two counts of armed criminal action, Sec. 571.015 RSMo.1978.

The five year attempted robbery sentence and one three year armed criminal action sentence were ordered to be served concurrently; the one year assault sentence and the second three year armed criminal action sentence were ordered to be served consecutively to each other and to the robbery and first armed criminal action sentences, for a total of nine consecutive years. The judgment is affirmed.

Appellant does not question the sufficiency of the evidence. At approximately 6:45 p.m. on September 18, 1984, appellant entered a liquor store in unincorporated St. Louis County. Carrying a baseball bat, appellant demanded some beer from the store owner. At this time, an off-duty St. Louis County police officer, Wesley Smith, walked in and told the store owner to dial 911. Appellant swung his bat at police officer Smith, hitting the police officer in the head. The two men scuffled in the store and were joined in the fight by two

others, Linda Smith, the police officer's wife, and William Smiley. The appellant was subdued and held at the store until the police arrived.

Appellant alleges the trial court erred in: 1. denying appellant's request for a mistrial after state's witness Linda Smith testified that during the scuffle in the liquor store appellant said he wasn't going to go back to jail; 2. denying appellant's motion in limine to prohibit the prosecuting attorney from repeating appellant's comment that he wasn't going back to jail; and 3. failing to declare a mistrial *sua sponte* when, during his closing argument, the prosecuting attorney argued if the jury accepted the intoxification defense, they may as well unlock the jails.

Appellant first contends the trial court erred in denying his request for a mistrial after Linda Smith testified appellant said "... he wasn't going to jail. He wasn't going to go back." Appellant's specific point relied on alleges only that the trial court erred in denying his motion to declare a mistrial. He argues, however, that this statement was never disclosed to him prior to trial in violation of Rule 25.03; was inadmissible evidence of prior arrests and offenses; had no probative value; and was before the jury as substantive evidence of prior crimes.

Rule 25.03 provides that the state shall, upon written request, disclose to defendant's counsel information within its possession or control including oral statements made by the defendant.

■ Discovery rules are not violated when there is no positive showing of the existence of written statement requested. *State v. Williams*, 652 S.W.2d 102, 109[6] (Mo. banc 1983). In a case where the record indicated the state and defense became aware of non-disclosed notes at the same time, the court found no evidence that the state failed to comply with defendant's discovery request. *State v. Lorenz*, 620 S.W.2d 407, 409[3] (Mo.App.1981).

Likewise, when a defendant orally requested discovery, and there was no evidence that the prosecuting attorney had "possession and control", i.e. knowledge of, defendant's undisclosed oral statements, the trial court did not commit error in the admission of those statements. *State v. Chambers*, 550 S.W.2d 846, 849-50[8] (Mo. App.1977).

■ The record in the case under review also shows that the prosecution was unaware of the statement until the witness testified. The statement did not appear in the police report. It was not in possession or control of the prosecution. Absent a showing that the state withheld information required to be divulged there is no basis on which this court could find the state violated discovery rules or that the trial court erred in not imposing sanctions authorized by the rule. *State v. Nickens*, 581 S.W.2d 99, 101[1, 2] (Mo.App.1979).

■ Appellant argues further error in the trial court's denial of his motion for a mistrial on the grounds that appellant's oral statements about returning to jail were inadmissible evidence of prior crimes. The transcript of Mrs. Smith's testimony of appellant's oral statements reads:

Q  Do you recall hearing the defendant say anything during the course of this? (the struggle)

A  He said after they had him down that he wasn't going to jail. He wasn't going to go back.

Q  Okay. How did Wesley appear as this was all occurring?

MRS PERRON: Your Honor, can we approach the bench?

THE COURT: Yes.

Defense counsel then moved for a mistrial although she had not objected immediately. Her motion was denied.

Arguably, the evidence of appellant's statements qualifies for admission. Even though he said he "wasn't going to go back", which could be interpreted as evidence of prior crimes, the statements tended to prove that appellant "knowingly" attempted to cause serious physical injury to another, a necessary element of the state's case. Sec. 565.050 RSMo.1978 (Revised Oc-

tober 1, 1984, Sec. 565.050 RSMo.Supp. 1984).

█ Evidence of a crime independent and unconnected with the crime charged is inadmissible unless it tends to establish motive, intent, absence of mistake or accident, common scheme or plan, or the identity of the person charged. *State v. Buckles,* 636 S.W.2d 914, 918[2–3] (Mo. banc 1982).

Appellant's defense was that because of his intoxicated condition, he did not act "knowingly" and lacked the mental capacity at the time of the offense to act with purpose and intent. Sec. 562.076 RSMo. 1978. Appellant's statements at the time of the offense are relevant to show his intent.

An appellate court reviews a trial court's decision to declare a mistrial only for abuse of discretion. *State v. Chamberlain,* 648 S.W.2d 238, 240[6] (Mo.App.1983). Assuming for the sake of argument that the evidence of appellant's statement was inadmissible, no objection was made, and there was no abuse of discretion in denying the motion for a mistrial. Appellant's first point is denied.

In his second point, appellant charges that the trial court erred in denying his motion in limine to prevent the prosecuting attorney from repeating in final argument appellant's statements that he didn't want to go back to jail.

This is a non-point because the trial court in fact did grant the motion in limine as to returning to jail but allowed the prosecutor to argue appellant's statement that he didn't want to go to jail.

During a bench conference, the trial judge said he would grant a motion in limine prohibiting the state from arguing appellant's statements about "returning" to jail. The state's final argument avoided any mention of the issue of appellant's "returning" to jail. The pertinent statements are:

[Assistant Prosecuting Attorney] You know it when they got him at the door and he knew he was caught and he said,

"I don't want to go to jail." You know how much he didn't want to go to jail. He was going to use this as much as he had to to make sure he didn't go to jail ... He knew he was caught at the door. And that's why he said, "I don't want to go to jail."

There was no objection to this argument. There was no error.

█ Appellant argues further in his second point that the trial court error in the denial of his motion in limine was a violation of his right against self-incrimination because of the prosecutor's closing argument. Fifth Amend. to U.S. Const.; Art. 1, Sec. 19, Mo. Const. These constitutional grounds were not before the trial court in any objections or otherwise, nor were they mentioned in appellant's motion for new trial; therefore, no such grounds were preserved for appellate review. *State v. Henson,* 637 S.W.2d 142, 144[1] (Mo.App.1982) and *State v. Shive,* 624 S.W.2d 136, 141[6] (Mo.App.1981).

█ In appellant's third and final point, he argues the trial court committed plain error in the refusal to order a mistrial *sua sponte* in the first half of the state's closing argument. Appellant had submitted an intoxification defense under Sec. 562.076 RSMo.1978. (This statute has since been revised. Sec. 562.076 RSMo.Supp.1984.) The argument in question was as follows:

MR. ROSS: (Asst. Prosecuting Attorney) ... And if you buy [the intoxification] defense you may as well unlock the jails. You can let everyone out. Because in ninety-nine percent of the crimes—

MRS. PERRON: (Asst. Public Defender) Your Honor, I'm going to object. That's an improper argument and the prosecutor knows it's improper.

THE COURT: I'll sustain the objection.

MR. ROSS: If you buy that argument every defendant who comes into this courthouse from now on will say he was intoxicated, he was under the influence of drugs.

MRS. PERRON: Your Honor, same objection. It's improper argument.

THE COURT: Sustained.

No further relief was requested by appellant. He did not ask for a mistrial or a curative instruction. Appellant was granted all of the relief which he requested. Nothing is preserved for this court's review. *State v. McIlvoy*, 629 S.W.2d 333, 340[14, 15] (Mo. banc 1982). Appellant's third and final point is not well taken.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.