**STATE of Missouri, Respondent,**

v.

**Jimmy Dean EDSALL, Appellant.**

**No. 16197.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 14, 1989.

**562**

Blair Buckley, Jr., Public Defender, Caruthersville, for appellant.

H. Riley Bock, Asst. Pros. Atty., Portageville, for respondent.

CROW, Presiding Judge.

Appellant was charged with the class A misdemeanor of assault in the third degree, § 565.070, RSMo 1986, tried by the court without a jury, found guilty as charged, and sentenced to one year in jail. Execution of the sentence was suspended and appellant was placed on probation. He appeals, briefing two points, both of which attack the sufficiency of the evidence.

The information alleged appellant caused physical injury to Bill Hopkins, a deputy sheriff, by striking him with appellant's fists. Appellant's first point avers the evidence was deficient in that there was no showing that he struck Hopkins with his fists.

The incident occurred at the New Madrid County jail, to which appellant had been delivered by two other officers. Hopkins was following appellant to the "booking room." Hopkins' testimony:

"[W]hen we got back to the booking room, he started coming out of his coat in a threatening manner; and I got the top of his coat, pushed it back on his shoulders and pushed him into the wall and put my arms around him to take him to the door where I could push the buzzer to get it open.... And we scuffled along there in the hallway.... And I don't know whether he hit me, shoved me, or what. When I went to buzz the buzzer, all I know my feet came off the floor; and I was thrown to the concrete floor on my back.

Q. Where did you hit the floor?
A. On this left shoulder and this arm.
Q. Were you hurt?
A. I had to go to the doctor with it, and he did some X-rays. He called me back a day later for X-rays, and he sent those off and hadn't had a return on those yet.
. . . .
Q. I believe you put in your complaint that you thought he had struck you with his fist?
A. At the time, yeah, I said that he—I probably said that he hit me. I'm not sure, really, whether he hit me, shoved me, or he threw me. I know I didn't fall.... I didn't trip or nothing.
. . . .
Q. ... didn't you tell Officer Martin Lingle that you didn't know whether you were hit or whether you slipped that caused you to fall down?
A. No, sir. I didn't tell him slipped. I told him I didn't know whether he hit me, pushed me, or throwed me.
. . . .
Q. And you can't say for certain here today that he hit you, right?
A. No, sir.
. . . .
Q. You don't know exactly what he did other than—

A. No, I don't.

Q. —that there was force involved?

A. There was force. I was forced to the floor.

. . . .

Q. Did you slip?

A. No, sir."

Appellant testified he did not hit Hopkins with his fists. The prosecutor's cross-examination of appellant produced this dialogue:

"Q. Now, is it your testimony today ... that Deputy Bill Hopkins fell on his own there over at the jail?

A. ... When he came at me and pushed me against the door facing, busted—he busted my eye, the corner of my eye. I turned around. He came at me again. I pushed him away from me.

Q. Is that when he fell?

A. Well, it was soon after that.

Q. When you pushed him?

A. No, he grabbed me again. I turned around; and he fell, you know....

Q. But you now are telling us that you did actually push him?

A. I pushed him away from me. He did not fall at that time."

There was no other evidence as to (a) whether appellant struck Hopkins with appellant's fists, or (b) what caused Hopkins to lose his footing and fall to the floor.

Rule 27.01(b), Missouri Rules of Criminal Procedure (20th ed. 1989), provides that in a court-tried criminal case the findings of the court shall have the force and effect of the verdict of a jury. Consequently, appellate review in the instant case is as though a verdict of guilty was returned by a jury, and if there is substantial evidence to support the findings of the trial court its judgment is to be affirmed. *State v. Giffin*, 640 S.W.2d 128, 130[1] (Mo.1982). In determining the sufficiency of the evidence we accept as true all evidence in the record tending to prove appellant's guilt, together with inferences favorable to the State that can be reasonably drawn therefrom, and we disregard all contrary evidence and inferences. *Id.* at 130[2].

So viewed, the most the evidence showed was that Hopkins, during the scuffle with appellant, lost his footing and fell to the floor, landing on "this left shoulder and this arm." If Hopkins sustained any physical injury it occurred upon impact with the floor, as there was no evidence that he sustained any injury at any other time during the episode.

Section 565.070.1, RSMo 1986, provides in pertinent part:

"A person commits the crime of assault in the third degree if:

(1) He attempts to cause or recklessly causes physical injury to another person: ...."

Section 556.061, RSMo Supp. 1988, provides:

"In this code, unless the context requires a different definition, the following shall apply:

. . . .

(20) 'Physical injury' means physical pain, illness, or any impairment of physical condition;

. . . ."

 As we have seen, there was no evidence to support the allegation in the information that appellant caused physical injury to Hopkins by striking him with appellant's fists. First, there was no evidence that appellant struck Hopkins with appellant's fists; second, there was no evidence that Hopkins received any physical injury except possibly when he landed on the floor. Whether there was sufficient evidence to support a finding that the impact with the floor caused Hopkins physical injury is the subject of appellant's second point, *infra*. It is clear, however, that there was no evidence that Hopkins was injured by any blows struck by appellant. Consequently, if the conviction is to stand it will have to do so on facts different than those pled in the information.

In *State v. Lusk*, 452 S.W.2d 219 (Mo. 1970), a murder case tried by jury, the indictment alleged the accused and another caused the death of the victim by striking him with their hands and kicking him with their feet. The verdict directing instruction submitted that the accused struck the

victim with the accused's hands and kicked the victim with the accused's feet, that the accused thereafter left the victim exposed to the elements, and that the assault or the exposure to the elements, or both, contributed to the victim's death. On appeal the Supreme Court of Missouri found the evidence insufficient to support a finding that the assault was a contributing cause of the victim's death, but sufficient to support a finding that exposure to the elements was a contributing cause of the victim's death. *Id.* at 223. The Supreme Court reversed the conviction, holding that when a crime may be committed by any of several methods, the information or indictment must charge one or more of the methods, the method or methods submitted in the verdict directing instruction must be among those alleged in the information, and when submitted in the disjunctive each must be supported by evidence. *Id.* at 223[5].

In the instant case the information alleged appellant caused physical injury to Hopkins by striking him with appellant's fists. There was, as noted earlier, no evidence that appellant struck Hopkins with appellant's fists, nor was there any evidence that Hopkins sustained any physical injury as a result of being struck by appellant's fists. If Hopkins sustained any physical injury at all, it occurred when he fell to the floor, landing on his shoulder and arm. Assuming arguendo that the evidence was sufficient to support a finding that Hopkins fell because force applied by appellant caused Hopkins to lose his balance, the issue is whether a conviction can be sustained on that theory when it was not pled in the information.

In *State v. Pope*, 733 S.W.2d 811 (Mo. App.1987), the accused was charged with one count of sodomy involving one victim and another count of sodomy involving a different victim. Each count set forth the particulars of the act on which such count was based. The evidence showed that in addition to committing the acts charged, the accused also committed different, uncharged acts of sodomy on each victim. Neither verdict directing instruction described the specific act charged; each submitted only that the accused had deviate sexual intercourse with the victim. On ap-

peal the accused asserted the jury could have convicted him of the uncharged acts instead of the charged acts. The Western District of this Court agreed and reversed the judgment, holding that where the act constituting the crime is specified in the charge, the State is held to proof of that act, and a jury can convict only on that act. *Id.* at 813.

We are mindful, of course, that appellant was tried by the court, not a jury, thus there were no instructions. We see no reason, however, for departing from the principle that where the act constituting the crime is specified in the charge the State is held to proof of that act.

The State maintains the instant case is similar to *State v. Burkhart*, 34 S.W.2d 563 (Mo.App.1931). There the accused was tried by jury for felonious assault and found guilty of common assault. The information alleged the accused beat, bruised and wounded the victim with certain rocks and clubs. The evidence showed the accused struck the victim with the accused's fists only. On appeal the accused maintained the variance between the allegation and the proof was fatal. The appellate court rejected the argument, holding that whether the beating was done with a weapon or a fist was a matter of detail, and that a common assault could be shown by showing a striking in either way. The opinion added:

"Having charged the assault to have been made by beating, which is equivalent to striking, *we think the state would be required to show an assault by striking,* but do not think proof that striking with a fist is fatal to a conviction of common assault under a charge such as is made in the information in this case." *Id.* at 563 (emphasis added).

We agree that if the evidence in the instant case had shown that appellant caused physical injury to Hopkins by striking him with a club, nightstick or other implement, the variance between the allegation and the proof would not have been fatal. Here, however, the evidence showed that if Hopkins sustained any physical injury it occurred when he landed on the floor on his shoulder and arm. There was no evidence that Hopkins was injured by any

blow struck by appellant. At best, the evidence showed only that Hopkins fell because force applied by appellant caused Hopkins to lose his balance.

Why the State did not charge appellant with committing the assault in the manner shown by the evidence is impossible to fathom. We must, however, take the record as we find it. We hold that the evidence was insufficient to support a finding that appellant caused physical injury to Hopkins by striking him with appellant's fists (or anything else), and that appellant cannot be convicted of such a charge on evidence that he in some manner forced Hopkins to fall, receiving an injury when he struck the floor. Appellant's first point is consequently meritorious and requires reversal.

Appellant's second point avers the evidence was insufficient in that it failed to establish Hopkins sustained physical injury.

Physical injury, as defined by § 556.061(20), RSMo Supp.1988, quoted earlier, means physical pain, illness, or any impairment of physical condition. There was no evidence that the altercation between appellant and Hopkins caused Hopkins illness or any impairment of physical condition. As to whether Hopkins suffered physical pain, the evidence showed only that Hopkins "had to go to the doctor," who made some X-rays. Why the prosecutor did not simply ask Hopkins whether he felt any physical pain as a result of landing on the floor on his shoulder and arm defies comprehension. While it is arguable that the trial court could properly infer Hopkins would not have gone to the doctor unless he felt physical pain, we need not decide that question, as our ruling on appellant's first point requires reversal.

The judgment is reversed and appellant is ordered discharged.

GREENE, J., and DOUGLAS E. LONG, Jr., Special Judge, concur.