**STATE of Missouri, Respondent,**

v.

**Lonnie VAUGHT, Appellant.**

**No. WD 58037.**

Missouri Court of Appeals,
Western District.

Dec. 26, 2000.

Irene C. Karnes, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza, Asst.Atty. Gen., Jefferson City, for Respondent.

SPINDEN, Judge.

Lonnie Vaught appeals the circuit court's judgment convicting him of three counts of forcible sodomy and one count of forcible rape. Vaught asserts that the circuit court committed plain error by failing, *sua sponte*, to declare a mistrial when the state, contrary to the court's admonition, persisted in posing questions to Vaught concerning other acts of sexual misconduct. He also contends that the circuit court committed plain error when it sentenced him as a persistent misdemeanor offender. The state agrees that the circuit court erred in sentencing .Vaught. We concur and therefore vacate the sentence and remand for resentencing.

■ Vaught asserts that the circuit court committed plain error when it did not declare a mistrial, *sua sponte*, after the state repeatedly alluded to acts of uncharged sexual conduct allegedly committed by Vaught. When cross-examining Vaught, the state asked:

Q. Are you suggesting to the jury that you're not sexually active?

[VAUGHT'S ATTORNEY]: Objection, Your Honor.

THE COURT: Overruled.

THE WITNESS: I'm sexually active.

Q. . . . In fact, you have quite a reputation in the Macon/Shelby [c]ounty area for your sexual aggressiveness, don't you?

[VAUGHT'S ATTORNEY]: Objection, Your Honor. Relevance.

THE COURT: Sustained as to that question.

Q. . . . You had picture of cars-

A. Yes.

Q. -in your car. Isn't it true that you also have had pictures of women engaged in oral sex with you before?

A. No.

Q. You've never had any ever?

[VAUGHT'S ATTORNEY]: Objection, Your Honor. Relevancy of the question?

[PROSECUTING ATTORNEY]: Goes toward the credibility of the victim testifying that he put on airs that he had sexually explicit photographs, which later turned out to be pictures of cars.

THE COURT: Objection will be overruled.

Q. . . . Isn't it fair to say that you have had pictures taken of you involved in sexual activities with girls engaged in oral sex.

A. At what time?

Q. Before this time, before February of 1992. The answer please.

. . .

A. Never.

. . .

Q.... You also deny to the jury now that you basically flashed yourself at [the victim]?

...

A. Yes.

Q. In fact, don't you have a reputation before that time in the Macon/Shelby [c]ounty area of flashing yourself at women?

[VAUGHT'S ATTORNEY]: Objection, Your Honor.... [H]e just asked a reputation question. It's improper.

THE COURT: Sustained.

Q.... Okay. Isn't it true[:] the fact that you have in fact flashed yourself at different women in the Macon County area before this incident occurred?

[VAUGHT'S ATTORNEY]: Objection, Your Honor. Relevancy.

THE COURT: Sustained.

...

Q. Do people characterize you as sexually preoccupied?

[VAUGHT'S ATTORNEY]: Objection, Your Honor, to people.

THE COURT: Sustained.

Q.... Well, let me ask you this: Do your associates in the Macon and Shelby [c]ounty area, the female friend[s] that your cruise around with, do they comment on you as being sexually preoccupied?

[VAUGHT'S ATTORNEY]: Objection, Your Honor.

THE COURT: Sustained.

Vaught objected to the state's questions posed to Vaught about the alleged acts of sexual misconduct, and the circuit court sustained the objections. At no time did Vaught request a curative instruction or mistrial. Vaught, therefore, received the relief he requested and cannot now claim error. *State v. Sellers,* 710 S.W.2d 398, 402 (Mo.App.1986).

▪ Vaught requests us to review his claim as plain error. Rule 30.20 authorizes us to consider errors which are "plain" if they affect substantial rights.

An error is plain if, on its face, we discern substantial grounds for believing that the error caused manifest injustice or a miscarriage of justice. *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc), *cert. denied,* 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995). Vaught's complaint does not establish facially a substantial ground for our believing that he suffered a manifest injustice.

▪ This is because the declaration of a mistrial is a drastic remedy which should be restricted to extraordinary circumstances in which it is the only way to remove prejudice to the defendant. *State v. Schneider,* 736 S.W.2d 392, 400 (Mo. banc 1987), *cert. denied,* 484 U.S. 1047, 108 S.Ct. 786, 98 L.Ed.2d 871 (1988). The decision to grant a mistrial is within the circuit court's discretion, and our review is limited to determining whether the court abused its discretion. *Id.* at 401.

The circuit court did not abuse its discretion by not declaring, *sua sponte,* a mistrial. The circuit court sustained Vaught's objections to the state's questions, and the circuit court was in a better position than this court to evaluate the prejudicial effect, if any, on the jury. *Id.*

▪ Vaught also contends that the circuit court committed plain error when it sentenced him as a persistent misdemeanor offender. Although a jury found Vaught guilty of the offenses charged, it did not make a recommendation as to sentencing because the circuit court found Vaught to be a persistent misdemeanor offender. The circuit court therefore sentenced Vaught. Vaught asserts that the circuit court erred in sentencing him as a persistent misdemeanor offender because the convictions used to establish his prior misdemeanor status occurred after February 2, 1992, the date of the charged offense, and that this constituted a violation of § 558.016.6, RSMo 1994.

▪ Vaught acknowledges that he did not preserve this issue for our review, but

he asks us to review it as plain error pursuant to Rule 30.20. Vaught, by showing a likelihood that the circuit court improperly considered convictions that occurred after he committed this offense in sentencing him as a persistent misdemanor offender, facially establishes a substantial ground for believing that he suffered a manifest injustice. Hence, we review the plain error to determine whether it, in fact, resulted in manifest injustice or a miscarriage of justice.

Section 558.016.6, RSMo 1994, says that, to be the basis for persistent and misdemeanor status, "[t]he pleas or findings of guilty shall be prior to the date of commission of the present offense." The felony information charged Vaught with committing forcible rape and forcible sodomy on February 2, 1992. The record reflects that in determining Vaught's persistent misdemeanor status, the parties and circuit court relied on court documents that indicated that Vaught was charged with second degree assault, a Class A misdemeanor, on March 11, 1993, and that he pleaded guilty to that offense on May 28, 1993. Other court documents indicated that Vaught was charged with unlawful use of a weapon, a Class B misdemeanor, on May 11, 1994, and the parties stipulated that Vaught was convicted of that offense.

Because the two offenses used to determine Vaught's persistent offender status occurred after February 2, 1992, the circuit court erred by sentencing Vaught as a persistent misdemeanor offender. This is manifest injustice. We, therefore, reverse the circuit court's imposition of sentence and remand to the circuit court for resentencing. On remand, the state may amend the information and present evidence that Vaught committed two or more misdemeanors before February 2, 1992. If the state cannot prove that Vaught had two or more misdemeanor convictions for offenses occurring before February 2, 1992, the circuit court should grant a new trial and submit the issue of punishment to the jury. *State v. Magee,* 911 S.W.2d 307, 313 (Mo.

App.1995); *State v. Martin,* 882 S.W.2d 768, 772 (Mo.App.1994).

ULRICH and EDWIN H. SMITH, JJ., concur.