**STATE of Missouri, Plaintiff–Respondent,**

v.

**Jackie D. BLACKBURN, Defendant–Appellant.**

No. 25805.

Missouri Court of Appeals,
Southern District,
Division Two.

May 23, 2005.

Motion for Rehearing and Transfer to Supreme Court Denied June 13, 2005.

Application for Transfer Denied
Aug. 30, 2005.

Irene Karns, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Jefferson City, for respondent.

JEFFREY W. BATES, Chief Judge.

Jackie Blackburn ("Defendant") was charged by amended information with committing the class C felony of attempted arson in the first degree, in violation of § 564.011 ("Count One"); and with a second count of committing the class C felony of domestic assault in the second degree, in violation of § 565.073 ("Count Two").[1] A jury found Defendant guilty of each offense, but made no sentencing recommendation because Defendant was a prior and persistent offender. *See* § 557.036.4(2). The trial court sentenced Defendant to a term of 10 years imprisonment for each offense and ordered the sentences to run consecutively. Defendant appeals. He contends the trial court committed plain error by: (1) failing to give Defendant's proffered Instruction No. A submitting the offense of domestic assault in the third degree for the jury's consideration; and (2) imposing a sentence in excess of the statutory maximum for the crime of second degree domestic assault. Because neither of Defendant's asserted claims of plain error facially establish substantial grounds for believing a manifest injustice or miscarriage of justice has occurred, we decline to engage in plain error review. *See* Rule 30.20.[2] Therefore, the judgment is affirmed.

## I. Summary of the Facts

Given the narrow scope of the issues presented by Defendant's appeal, an exhaustive recitation of the facts is unnecessary. Defendant does not challenge the

---

1. All references to statutes are to RSMo (2000), unless otherwise specified.

2. All references to rules are to Missouri Court Rules (2005).

sufficiency of the evidence to support his conviction on either offense. Viewed in a light most favorable to the verdict, the following facts were adduced at trial.

Defendant and Carrie Elson ("Elson") were involved in an intimate relationship for approximately 12 years. During that time, Defendant fathered two children with Elson. In October 2001, Defendant and Elson lived in a trailer in Stoutland, Missouri. Their daughter, Ashley Brown ("Ashley"), and John Melton ("Melton") also lived in the trailer. There was only one door through which persons could enter and exit the residence. On October 30, 2001, Elson asked Defendant to leave because of his drug use. Defendant left the home and went to stay with his mother, who also lived in Stoutland.

At 2:30 a.m. on November 3, 2001, Defendant called Elson and asked to come home. Melton and Ashley, who was then one year old, were in the trailer with Elson when Defendant called. Elson told him to go back to his mother's house.

After being rebuffed by Elson, Defendant flagged down his cousin, Shannon Pinion ("Pinion"). Pinion was riding around in his Blazer with an acquaintance, Donna Stradt ("Stradt"). Defendant said he had just gotten off the phone with his girlfriend and wanted to be taken to their trailer. Pinion drove himself, Defendant and Stradt there. Once they arrived, Defendant got out of the Blazer and cut the telephone wires to the residence. He then grabbed a two-gallon jug of gasoline and began pouring gasoline all over the outside of the trailer. When Pinion tried to stop Defendant, he said he was going to "burn the house down." After Defendant set the porch and the only door in and out of the trailer on fire, Pinion successfully extinguished the blaze with a wet rug. While Pinion was putting out the first fire, Defendant grabbed another gas jug and

placed a rag in the spout. Defendant set the rag on fire. Pinion was able to get the jug away from Defendant and stomp out the burning rag. He persuaded Defendant to get in the Blazer, and they drove away. Pinion took Defendant to his mother's house, where he was later arrested. Additional facts necessary to our analysis of the case are included below as we address Defendant's two points on appeal.

## II. Standard of Review

■ In order to be entitled to relief under the plain error rule, "[a] defendant must not only show prejudicial error occurred, but must also show that the error so substantially affected the defendant's rights that a manifest injustice or a miscarriage of justice would inexorably result if the error were to be left uncorrected." *State v. Deckard,* 18 S.W.3d 495, 497 (Mo. App.2000). The burden of proving the existence of such a manifest injustice or miscarriage of justice rests on defendant. *See State v. Cole,* 844 S.W.2d 493, 500 (Mo. App.1992).

"A request for plain error review requires us to go through a two-step analysis." *State v. Stanley,* 124 S.W.3d 70, 77 (Mo.App.2004). We first determine whether the asserted claim of plain error facially establishes substantial grounds for believing a manifest injustice or miscarriage of justice has occurred. *Id.* If facially substantial grounds are found to exist, we then determine whether a manifest injustice or a miscarriage of justice has actually occurred. *Id.*

■ Since Defendant's first point on appeal alleges instructional error, we believe the following observations are apropos. "Instructional error seldom rises to the level of plain error." *State v. O'Toole,* 83 S.W.3d 622, 630 (Mo.App.2002); *State v. Thomas,* 75 S.W.3d 788, 791 (Mo.App.

2002). In order for Defendant to carry his burden of establishing plain error relating to jury instructions, merely demonstrating prejudice is insufficient. *State v. Hagan,* 113 S.W.3d 260, 267 (Mo.App.2003). Instead, Defendant must meet the higher burden of demonstrating "that the trial court so misdirected or failed to instruct the jury that it is evident that the instructional error affected the jury's verdict." *State v. Baker,* 103 S.W.3d 711, 723 (Mo. banc 2003); *State v. Nolan,* 872 S.W.2d 99, 103 (Mo. banc 1994).

### III. Discussion and Decision

■ In Defendant's first point, he contends the trial court committed plain error by failing to give Defendant's proffered Instruction No. A, which would have submitted the offense of domestic assault in the third degree for the jury's consideration. The facts relevant to this point are set forth below.

The amended information charged Defendant with committing the class C felony of domestic assault in the second degree because he "attempted to cause physical injury to Carrie L. Elson by setting fire to a residence occupied by Carrie L. Elson, and Carrie L. Elson and defendant were family or household members in that Carrie L. Elson and defendant were adults who had resided together in the past and have a child in common." These facts, if proven, would constitute a violation of § 565.073.1(1), which states:

> A person commits the crime of domestic assault in the second degree if the act involves a family or household member or an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the actor, as defined in section 455.010, RSMo, and he or she: (1) Attempts to cause or knowingly causes physical injury to such family or household member by any

means, including but not limited to, by use of a deadly weapon or dangerous instrument, or by choking or strangulation. . . .

At the close of the evidence, the State tendered Instruction No. 7, a verdict-directing instruction submitting the offense of domestic assault in the second degree. This instruction was based upon MAI–CR 3d 319.74 and stated:

### INSTRUCTION NO. 7

As to Count Two, if you find and believe from the evidence beyond a reasonable doubt:

> First, that on or about November 3, 2001, in the County of Camden, State of Missouri, the defendant, attempted to cause physical injury to Carrie Elson by setting fire to a residence occupied by Carrie Elson, and

> Second, that, Carrie Elson and defendant were adults who had resided together in the past, had been in a continuing social relationship of a romantic or intimate nature, and have a child in common,

then you will find the defendant guilty under Count Two of domestic assault in the second degree under this instruction.

A person attempts to cause physical injury when, for the purpose of causing that result, he does an act which is a substantial step towards causing that result. A substantial step is conduct which is strongly corroborative of the firmness of the person's purpose to cause that result.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

Defendant's counsel did not object to Instruction No. 7, but he did tender Instruction No. A. This instruction states:

### INSTRUCTION NO. A

As to Count II, if you do not find the defendant guilty of domestic assault in the second degree, you must consider whether he is guilty of domestic assault in the third degree.

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

> First, that on or about November 3, 2001, in the County of Camden, State of Missouri, the defendant, attempted to cause physical injury to Carrie Elson by setting fire to a residence occupied by Carrie Elson, and

> Second, that, Carrie Elson and defendant were adults who had resided together in the past, had been in a continuing social relationship of a romantic or intimate nature, and have a child in common,

then you will find the defendant guilty under Count II of domestic assault in the third degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense under this instruction.

A person attempts to cause physical injury when, for the purpose of causing that result, he does an act which is a substantial step towards causing that result. A substantial step is conduct which is strongly corroborative of the firmness of the person's purpose to cause that result.

Defense counsel described Instruction No. A, which was based on MAI–CR 3d 319.76, as submitting a lesser-included offense of domestic assault in the third degree. *See* § 565.074. The prosecutor objected to Instruction No. A on the ground that "[t]he elements in the lesser included instruction are identical to the instruction for second degree domestic assault. Since there is no difference, I think it's improper and incorrect application of the law to submit the defendant's proposed lesser included instructions in this case." In response, defense counsel said that "the statutes are both second degree domestic assault, and domestic assault third degree lists these elements; and they are the same, but they list them in both the felony and the misdemeanor charge."[3] The trial court sustained the State's objection to Instruction No. A and gave Instruction No. 7.

■ On appeal, Defendant has abandoned his contention that Instruction No. A should have been given as a lesser-included offense of second degree domestic assault. Instead, he argues the trial court should have applied the rule of lenity and only given Instruction No. A. "The rule of lenity gives a criminal defendant the benefit of a lesser penalty where there is an ambiguity in the statute allowing for more than one interpretation." *State v. Rowe*, 63 S.W.3d 647, 650 (Mo. banc 2002). The premise of Defendant's argument is that § 565.073.1(1) is ambiguous because it proscribes the same conduct as § 565.074.1(1), but punishes that behavior as a class C felony rather than a class A misdemeanor. After reviewing the two statutes, we disagree.

■ The differences among classes of assault turn on the mental state involved and the nature of the injury. *State v.*

---

**3.** Domestic assault in the third degree is a class A misdemeanor unless the defendant has pled guilty or been found guilty of this same offense more than two times. § 565.074.2; § 565.074.3.

*Schnelle,* 7 S.W.3d 447, 451 (Mo.App.1999); *State v. Garrison,* 975 S.W.2d 460, 461 (Mo.App.1998); *State v. Johnson,* 770 S.W.2d 263, 266 (Mo.App.1989).

Insofar as pertinent here, a person commits the class C felony of domestic assault in the second degree when he or she "[a]ttempts to cause or knowingly causes physical injury to such family or household member by any means, including but not limited to, by use of a deadly weapon or dangerous instrument, or by choking or strangulation ...." § 565.073.1(1) (underlining added). The culpable mental state required for conviction is "knowingly," and this requirement applies whether physical injury is merely attempted or actually accomplished. *See State v. Thomas,* 972 S.W.2d 309, 312–13 (Mo.App.1998) (since § 565.050 specifies that the crime of first degree assault can be committed by attempting to kill, knowingly causing or attempting to cause serious physical injury to another person, the culpable mental state of "knowingly" applies to all three ways of committing this offense); *see also* § 562.021.2 (if the definition of an offense prescribes a culpable mental state with regard to a particular element, the required mental state shall only be required as to the specified element).

■ In contrast, insofar as pertinent here, a person commits the class A misdemeanor of domestic assault in the third degree when he or she "attempts to cause or recklessly causes physical injury to such family or household member ...." § 565.074.1(1) (underlining added). The culpable mental state required for conviction is "recklessly," and this requirement applies whether the physical injury is either merely attempted or actually accom-

plished. *See Thomas,* 972 S.W.2d at 312–13; § 562.021.2. A mental state of recklessness involves less culpability than conduct that is knowing. *Schnelle,* 7 S.W.3d at 451.

Defendant's argument that the elements of the two offenses are identical ignores the difference between the culpable mental states required for conviction under the two statutes. Accordingly, we find no ambiguity in § 565.073.1(1) that required the trial court to apply the rule of lenity and give Instruction No. A instead of Instruction No. 7. Since Defendant has failed to establish facially substantial grounds for believing the trial court's refusal to give Instruction No. A constituted instructional error that affected the jury's verdict, we deny Defendant's first point on appeal.[4]

■ In Defendant's second point, he argues the trial court plainly erred by imposing a sentence in excess of the statutory maximum for the crime of second degree domestic assault. Defendant's argument is based on the premise that "[t]he trial court plainly erred and exceeded its jurisdiction in sentencing [Defendant] to a term of ten years for the Class D felony of second degree domestic assault, Section 565.073, RSMo Cum.Supp.2002 ... because the maximum sentence for the offense, as enhanced for a persistent felony offender status, was seven years." This argument has no merit because the premise is false.

Count Two of the amended information charged Defendant with committing "the class C felony of DOMESTIC ASSAULT IN THE SECOND DEGREE" in violation of § 565.073. The information also alleged Defendant was a prior and persistent offender, based on four prior felony convic-

---

4. In addressing Defendant's first point relied on, we confined our review to the sole issue presented: whether there was an ambiguity in § 565.073.1(1) that required the trial court to apply the rule of lenity. Consequently, we express no opinion on the issue of whether Instruction No. A accurately recites the substantive law elements necessary to submit domestic assault in the third degree based on a reckless attempt to cause physical injury.

tions. Section 565.073, which was first adopted in 2000, states that "[d]omestic assault in the second degree is a class C felony." § 565.073.2. There have been no amendments to the statute to downgrade the felony classification of the offense. At trial, the State presented evidence to prove Defendant's status as a prior and persistent offender. Based on that evidence, the judge made a finding beyond a reasonable doubt that Defendant was a prior and persistent offender because he had been convicted of two or more felonies committed at different times in the state of Missouri. This finding is not challenged on appeal. The judgment correctly reflects that Defendant was convicted of the class C felony of domestic assault in the second degree and that he is a prior and persistent offender.

The maximum term of imprisonment for a class C felony is seven years. § 558.011.1(3). Because Defendant was found to be a prior and persistent offender, however, the trial court was authorized to impose an enhanced sentence of up to the maximum term of imprisonment for a class B felony. § 558.016.7(3). The maximum sentence for a class B felony is 15 years. § 558.011.1(2). The 10–year sentence imposed by the trial judge is within the authorized range of punishment. Therefore, Defendant has failed to establish facially substantial grounds for believing the sentence imposed by the trial court resulted in a manifest injustice or miscarriage of justice. Defendant's second point is denied.

The judgment of the trial court is affirmed.

PARRISH, P.J., and BARNEY, J., Concur.