**STATE of Missouri, Respondent,**

v.

**James Evan DARDEN, Appellant.**

**No. WD 68274.**

Missouri Court of Appeals, Western District.

Sept. 16, 2008.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Richard A. Starnes, Esq., Jefferson City, MO, for Respondent.

Nancy A. McKerrow, Esq., Columbia, MO, for Appellant.

Before JOSEPH M. ELLIS, P.J., LISA W. HARDWICK and JOSEPH P. DANDURAND, JJ.

JOSEPH P. DANDURAND, Judge.

James Darden appeals his conviction for domestic assault in the second degree and his sentence of three years imprisonment. He presents three claims of plain error: (1) the verdict director and First Amended Information have a fatal variance; (2) it was error to charge and submit domestic assault in the second degree as opposed to domestic assault in the third degree; and (3) it was error to sentence him as a persistent misdemeanor offender. The points are denied, and the judgment is affirmed.

## Facts

As the sufficiency of the evidence is not an issue on appeal, a brief statement of facts will be given with further facts set forth as necessary. James Darden was involved in a romantic relationship with the victim (Victim) in this case; they resided together. In February 2006, a conflict ensued between the two that led to a physical confrontation. Law enforcement determined that Mr. Darden was the aggressor.

Mr. Darden was charged by information with domestic assault in the second degree. A First Amended Information was filed charging him as a persistent misdemeanor offender. The charge went to a trial by jury in October 2006. Mr. Darden was found guilty and sentenced to three years imprisonment. This appeal followed.

## Standard of Review

Mr. Darden concedes he failed to properly preserve the errors identified in his points on appeal. He requests plain error review. "The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review." *State v. Beggs*, 186 S.W.3d 306, 311 (Mo.App. W.D.2005). "In determining whether to exercise its discretion under plain error review, the appellate court looks to determine whether on the face of the appellant's claim substantial grounds exist for believing that the trial court committed a 'plain' error, which resulted in manifest injustice or a miscarriage of justice." *Id.* (citation and quotation marks omitted). "Plain error for purposes of Rule 30.20 is error that is evident, obvious, and clear." *Id.*

Plain error review involves two steps. "First, the court must determine whether the trial court committed an evi-

dent, obvious and clear error, which affected the substantial rights of the appellant." *Id.* "[I]f obvious and clear error is found in the first step of the review, the second step of plain error review requires the court to determine whether manifest injustice or a miscarriage of justice resulted therefrom." *Id.* at 311–12.

## Point I

In his first point on appeal, Mr. Darden claims the trial court plainly erred in giving the verdict director for domestic assault in the second degree to the jury and in accepting the jury's verdict of guilty on that charge. He asserts there was a "fatal variance" between the First Amended Felony Information and the verdict director. He states that the information charged him with assault and alleged that he attempted to cause physical injury to Victim by strangulation. Mr. Darden further states that the verdict director permitted the jury to find him guilty if it believed beyond a reasonable doubt that he attempted to cause physical injury to Victim by strangulation *or repeatedly punching her about the head.* He argues he had no notice that he would be defending against the allegation that he punched Victim rather than strangled her, or that the jury would be permitted to find him guilty of a crime other that the one charged in the First Amended Information.

"[I]nstructional error seldom constitutes plain error, which requires a defendant to demonstrate more than mere prejudice." *State v. Thomas,* 75 S.W.3d 788, 791 (Mo.App. E.D.2002). "For instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict." *Id.* "In determining whether the misdirection likely affected the jury's verdict, an appellate court will be more inclined to reverse in cases where the erroneous instruction did not merely allow a wrong word or some other ambiguity to exist, but excused the State from its burden of proof on a contested element of the crime." *Id.*

A defendant cannot be charged with one form of an offense and convicted of another. *State v. Lee,* 841 S.W.2d 648, 650 (Mo. banc 1992). "A variance between the information and instruction is 'fatal' because it prevents the defendant from receiving adequate notice of the crime with which he is charged." *Id.* "[W]hen a crime may be committed by any of several methods, . . . the method or methods submitted in the verdict directing instruction must be among those alleged in the information." *Id.* (citation and quotation marks omitted). "The reason for the rule . . . is to foster and protect the primary purpose of the information, that of providing notice to the accused so that the accused may prepare an adequate defense against the charges brought." *Id.*

"A variance alone is not conclusive to the question of whether there is reversible error." *Id.* "A variance is not fatal, and will not require reversal, unless it submits a new and distinct offense from that with which defendant was charged." *State v. Glass,* 136 S.W.3d 496, 520 (Mo. banc 2004) (citation and quotation marks omitted). "A variance must be material, and defendant must be prejudiced, to warrant reversal." *Id.* "Variances are material when they affect whether the accused received adequate notice; variances are prejudicial when they affect the defendant's ability to defend against the charges." *Id.* (citation and quotation marks omitted). "[U]nless the defendant can be said to have been prejudiced in that he would have been better able to defend

had the information contained the phrase ..., he should not be entitled to relief on account of the variance." *Lee,* 841 S.W.2d at 650 (citation and quotation marks omitted). "A variance is prejudicial only if it affects the appellant's ability adequately to defend against the charges presented in the information and given to the jury in the instructions." *Id.*

Both the information and verdict director identified the same offense: second degree domestic assault. That charge prohibits the attempt to cause physical injury "by any means," including, but not limited to, strangulation. § 565.073.1(1). Thus, the verdict director did not submit a new and distinct offense. In addition, the First Amended Information contained a second count that was subsequently dismissed by *nolle pros.* The second count charged the offense of stalking, including that Mr. Darden harassed Victim by "grabbing her by the hair, striking her, and choking her." Mr. Darden's defense at trial was self-defense. Given this, his ability to defend against the charges presented was not affected by the variance.

Mr. Darden argues that the language added to the verdict director allowed a conviction where there not would have been one because the evidence was not sufficient as to the allegation that he strangled Victim. A law enforcement officer testified at trial that Mr. Darden told him that he had his hands "around that bitch's neck." This is clearly evidence that Victim was strangled.

*State v. Edsall,* 781 S.W.2d 561 (Mo.App. S.D.1989), cited by Mr. Darden, is distinguishable. In that case, the information alleged that the defendant caused physical injury to the victim. *Id.* at 562. The evidence did not show that victim sustained a physical injury, except perhaps from a fall not caused by the defendant. *Id.* at 563. The court concluded the State failed to demonstrate what was alleged in the information. *Id.* at 564–65. The claim of error was not brought pursuant to plain error review. Unlike the case *sub judice,* the information in *Edsall* in no way conformed with the evidence presented.

Mr. Darden has failed to establish that the variance was material or prejudicial. He has not demonstrated manifest injustice or a miscarriage of justice. His claim does not rise to the level of plain error.

The point is denied.

## Point II

In his second point relied on, Mr. Darden claims the trial court plainly erred in overruling his motion for judgment of acquittal at the close of all of the evidence, in accepting the jury's verdict of guilty to domestic assault in the second degree, and in sentencing him for that offense. He asserts that domestic assault in the second degree, as charged, and domestic assault in the third degree are identical offenses. He concludes that the rule of lenity requires that a criminal defendant be given the benefit of a lesser penalty where there is a statutory ambiguity allowing for more than one interpretation.

Mr. Darden notes that the precise issue he presents in his second point was decided adversely to him in *State v. Blackburn,* 168 S.W.3d 571 (Mo.App. S.D.2005). He asserts that the Southern District's analysis is flawed in *Blackburn* because it is based on an incorrect statement of the law of attempts. He cites, in part, *State v. Whalen,* 49 S.W.3d 181, 186 (Mo. banc 2001). He concludes that *Blackburn* is "wrong because in reaching its decision, the Court ignored the specific intent required whenever an attempt is charged." In *State v. Ondo,* 232 S.W.3d 622 (Mo.App. S.D.2007), the Southern District stated:

Defendant urges us to reconsider our decision in *State v. Blackburn*, 168 S.W.3d 571 (Mo.App.2005), in light of the Supreme Court's decision in *State v. Whalen*, 49 S.W.3d 181 (Mo. banc 2001). In *Blackburn*, we applied the rule of lenity to sections 565.073 and 565.074, and decided that although the two statutes proscribe the same conduct with differing levels of punishment, the two statutes are not ambiguous because each requires a different culpable mental state. We found that an attempt to cause physical injury under section 565.073 requires a mental state of "knowingly," while attempt to cause physical injury under section 565.074 requires a mental state of "recklessly." In *Whalen*, the Supreme Court held that an attempt crime *always* requires proof of a "purposeful" mental state on the part of the defendant. Defendant asserts that "[b]ecause a person cannot recklessly attempt to perform an act, there is no distinction between the mental states" in sections 565.073 and 565.074 and they both proscribe the same conduct, so "the rule of lenity requires that the defendant be subjected to the lesser punishment."

*Id.* at 629 (citations omitted). The court distinguished the case before it, and concluded: "Accordingly, we decline to reconsider our decision in *Blackburn* under the facts of this case." *Id.* at 630.

After the Southern District decided *Blackburn*, the appellant sought transfer to the Missouri Supreme Court. The motion for transfer was denied in June 2005. The application for transfer was denied by the Supreme Court in August 2005. In 2007, the Southern District declined to reconsider its decision in *Blackburn*. Given this, Mr. Darden has not demonstrated an evident, obvious, and clear error affecting his substantial rights.

The point is denied.

### Point III

██ In his third point relied on, Mr. Darden claims the trial court plainly erred in finding beyond a reasonable doubt that he was a persistent offender, thereby taking sentencing away from the jury. He asserts that the First Amended Information fails to plead all of the facts necessary to determine he was a persistent offender. He further argues that one of the prior convictions used as proof of that status was a class C misdemeanor. Mr. Darden contends it was improper to use this conviction to find him a persistent misdemeanor offender pursuant to section 558.016.5. He concludes he is entitled to a new trial to allow a jury to assess his punishment after hearing all of the evidence.

The First Amended Information charged Mr. Darden as a persistent misdemeanor offender alleging two misdemeanors for assault in the third degree, which Mr. Darden had pleaded guilty to or been found guilty of on December 11, 1995. During trial, the State submitted evidence of two misdemeanor convictions for assault in the third degree. One exhibit evidenced a class A misdemeanor. The second exhibit evidenced a class C misdemeanor. There was no objection to either exhibit. The State concedes in its brief that the second exhibit does not sufficiently establish that Mr. Darden was convicted of a class A or B misdemeanor. It also concedes that under the definition of "persistent misdemeanor offender" found in section 558.016.5, the assault conviction proven by the second exhibit could not have been relied upon to establish Mr. Darden's persistent status. This is because two or more class A or B misdemeanors must be proved for that purpose.

The State agrees that sufficient evidence was not presented that Mr. Darden was a persistent misdemeanor offender.

A question remains as to the appropriate relief. Mr. Darden relies upon *State v. Vaught*, 34 S.W.3d 293 (Mo.App. W.D. 2000). In *Vaught*, as in the case *sub judice*, the defendant sought plain error review. *Id.* at 296. The court stated that the defendant, "by showing a likelihood that the circuit court improperly considered convictions that occurred after he committed this offense in sentencing him as a persistent misdemeanor offender, facially establishes a substantial ground for believing that he suffered a manifest injustice." *Id.* It then reviewed the plain error "to determine whether it, in fact, resulted in manifest injustice or a miscarriage of justice." *Id.*

The court determined that "the circuit court erred by sentencing [the defendant] as a persistent misdemeanor offender. This is manifest injustice." *Id.* It reversed the imposition of sentence and remanded to the circuit court for resentencing. *Id.* Its order was that, on remand, the State may amend the information and present evidence that the defendant was a prior and persistent offender. *Id.* If the State cannot do so, "the circuit court should grant a new trial and submit the issue of punishment to the jury." *Id.*

The State relies upon *State v. Emery*, 95 S.W.3d 98, 103 (Mo. banc 2003), for its assertion that Mr. Darden is not entitled to a new trial. In *Emery*, all parties agreed that the defendant was improperly sentenced as a prior or persistent offender where the State failed to offer necessary evidence. *Id.* at 100–01. The parties in *Emery* disagreed on the remedy. The defendant contended that his conviction should be vacated and he should receive a new trial. *Id.* at 101. The State requested remand for resentencing and an oppor-tunity to prove the defendant's prior and persistent status. *Id.*

The court stated: "Where the state fails to present evidence before the case is submitted to the jury, which is the timing the statute explicitly requires, there is no basis on which to sentence [the defendant] as a prior and persistent offender." *Id.* "To remand and allow the state now to present evidence of [the defendant's] alleged prior and persistent offender status would violate the timing requirement of section 558.021.2." *Id.* The State contended, however, "that any such error would be harmless: if [the defendant] is proved to be a prior and persistent offender, he should be sentenced as such and is not prejudiced by the lack of a jury recommendation." *Id.* As phrased by the Missouri Supreme Court: "The question is whether this Court should order the trial court to commit a second error in order to correct its previous error. Or, to put it another way, should the Court follow the old adage that two wrongs do not make a right?" *Id.* "The state argues that in the present case error has already been committed and can be remedied by a remand. But a remand would require the sentencing court to commit error by violating section 558.021.2." *Id.* at 102. The court concluded: "This case should be remanded for resentencing, but will not be remanded for further error." *Id.*

The Missouri Supreme Court then examined the issue of waiver of jury sentencing. It stated: "It is true that part of the function of the jury is to set the ceiling on the sentence a defendant will receive." *Id.* "The judge can impose a lesser punishment but cannot exceed the punishment recommended by the jury." *Id.* "This sentencing right is statutory, not constitutional." *Id.* The court determined that the defendant "waived his statutory right to a jury-recommended sentence where he

allowed the judge to determine his sentence without raising his right to have the jury recommend a sentence." *Id.* "Prior to submission of the case to the jury, the state had not offered evidence that [the defendant] was a prior and persistent offender." *Id.* at 102–03. "Had [the defendant's] counsel timely raised the issue, the state could have realized its error and offered evidence of [the defendant's] prior and persistent offender status...." *Id.* at 103. The court concluded: "[The defendant] chose to sit on his statutory right. He cannot now be deemed entitled to a jury-recommended sentence. He has waived that right." *Id.*

The *Emery* court vacated the defendant's conviction, and remanded the case for resentencing. *Id.* It ordered: "On remand, the trial judge is to impose sentence for second-degree assault, without jury recommendation and free from the sentence enhancement that would have resulted if [the defendant] were proved to be a prior and persistent offender." *Id.*

In *State v. Rose*, 169 S.W.3d 132 (Mo. App. E.D.2005), the State failed to prove the defendant was a prior and persistent offender. *Id.* at 136. The court stated: "A remand to the trial court to determine whether Defendant is a prior and persistent offender and to resentence him does not violate double jeopardy." *Id.* "However, in *State v. Emery*, 95 S.W.3d 98, 103 (Mo. banc 2003), the Supreme Court concluded that the trial court is not at liberty to reopen the proceedings and allow the State to present additional evidence as to a defendant's prior and persistent status under Section 558.021." *Id.* "[W]ithout proof that Defendant is a prior and persistent offender, he is entitled to jury sentencing under Section 557.036." *Id.* at 137. It concluded: "Accordingly, his case must be remanded to trial court for jury sentencing in accordance with the procedures outlined in Section 557.036." *Id.* In a footnote, the court noted that, "unlike in *Emery*, the record reflects that defense counsel requested jury sentencing." *Id.* at n. 2. The court ordered the conviction reversed and remanded for jury sentencing in accordance with section 577.036. *Id.*

*Vaught* seemingly holds two things relevant to the case *sub judice*. First, it finds that erroneously sentencing a defendant as a persistent misdemeanor offender is automatically plain error. Second, it determines that the remedy is to remand the case, giving the State an opportunity to present evidence as to whether the defendant was a persistent offender. If it is unable to do so, the defendant is entitled to a new trial with punishment submitted to the jury. This court now concludes that neither of those holdings in *Vaught* should be followed for the reasons stated below.

The second holding of *Vaught*, pertaining to the remedy, is addressed first. The Western District decided *Vaught* in 2000. No application for transfer to Supreme Court was made; its holding was not challenged. The Supreme Court decided *Emery* in 2003. It held that, on remand, the State could not present additional evidence as to whether the defendant was a prior and persistent offender. Further, it noted that the right to jury sentencing is waived if not asserted. *Vaught* has not been followed or cited for the proposition that new evidence may be presented on remand since *Emery* was decided. *Rose* discussed *Emery*, noted that no new evidence could be presented on remand, but determined the defendant did not waive his statutory right to jury sentencing. It remanded for jury sentencing only. *Emery* effectively overruled *Vaught* as to presenting new evidence on remand.

In the case *sub judice*, Mr. Darden was erroneously found to be a persistent misdemeanor offender. The only effect of

such a finding was taking sentencing from the jury. It did not result in an enhancement of the range of punishment available to the trial judge at sentencing. If this was plain error, the matter will be remanded for new sentencing, wherein the State will not be able to present additional information. Whether it is a judge or jury imposing sentence depends on whether Mr. Darden asserted his right to jury sentencing. Not surprisingly, the State contends he did waive his right while Mr. Darden argues otherwise.

Prior to the start of trial, the trial court noted that there had not been any pleading of prior offenses. The prosecutor was unaware of this and requested leave to amend the charges to plead persistent misdemeanor offender status. Mr. Darden's counsel objected to the amendment, and the court denied the request. At the end of *voir dire*, however, the court noted that it discovered the State had filed an amended information three months prior to trial alleging Mr. Darden was a persistent offender. It stated that Mr. Darden's status as a persistent offender was properly before the court. There was no objection to this determination.

After Mr. Darden rested his defense, the State tendered to the court evidence of Mr. Darden's prior convictions. One of the exhibits stated the wrong year of conviction, and the prosecutor amended it by interlineation without objection from Mr. Darden. Mr. Darden's counsel stated she had reviewed the exhibits; she did not object to their admission. The following exchange then occurred:

THE COURT: Without objection, State's Exhibits 8 and 9 will be tendered. The Court will find with respect to that issue that the Defendant is a persistent misdemeanor offender and find that beyond a reasonable doubt. So

the punishment will not be submitted to the jury. The Court has held—

THE DEFENDANT: Excuse me, Your Honor.

THE COURT: Yes, sir?

THE DEFENDANT: I would like to see a copy of that information. I haven't been able to witness or view it.

THE COURT: I'm sorry, sir. The Court is holding and showing those, and I'll continue—

THE DEFENDANT: I haven't been able to discuss anything about my attorney with—with this new light of evidence right here that the prosecutor—

THE COURT: Well, it's not new.

THE DEFENDANT: Well, I haven't seen it. It's new.

THE COURT: Okay. These are certified copies of the prior convictions from St. Louis City that have been tendered. The Court has held an instruction conference with counsel. I want to now document that and put it on the record.

The trial court went on to address the issue of jury instructions and no further reference was made to the exhibits of prior convictions. After the verdict, the court discussed sentencing dates. Mr. Darden did not assert a right to jury sentencing or object to judge imposed sentencing during this discussion. Neither did he do so during sentencing.

■■■ Mr. Darden asserts that his request to view the evidence of convictions along with his objection to amendment of the pleadings prior to trial demonstrates that he did not waive his right to jury sentencing. This court disagrees. While Mr. Darden objected to being charged as a persistent misdemeanor offender and requested to see the evidence of his prior convictions, he never asserted his right to jury sentencing. He did not request jury

sentencing or object to sentence being imposed by a judge.

*State v. Burdette*, 134 S.W.3d 45 (Mo. App. S.D.2004), is instructive. In *Burdette*, as in the case *sub judice*, defense counsel stated that he or she had reviewed the record of the defendant's prior convictions and had no objection. *Id.* at 53. The appellate court noted that evidence of prior convictions was presented, and the trial court was under the impression that the requirements of the prior and persistent offender statute had been met. *Id.* As in the case *sub judice*, the requirements for prior and persistent offender status were not met. *Id.* Thus, the defendant was entitled to jury recommended sentencing. *Id.* at 54. The appellate court went on to determine, however: "As to the right to jury-recommended sentencing, we noted, on the basis of the holding in *Emery*, that Appellant waived that right by not seeking to avail himself of it at trial." *Id.* The same is true of Mr. Darden.

Having determined that Mr. Darden waived his right to jury sentencing by not seeking to avail himself of that right at trial, this court now discusses the first holding of *Vaught*, pertaining to plain error. *Emery* and *Burdette* involved a defendant erroneously sentenced as a prior and persistent offender. *Rose* and *State v. Gibson*, 122 S.W.3d 121 (Mo.App.W.D. 2003) involved a defendant erroneously sentenced as an intoxication related persistent offender. These are both sentence enhancing classifications. *See* §§ 558.016; 577.023. The defendant's sentence in each case was enhanced as a result of the erroneous classification; the defendant was prejudiced by the error. In contrast, *Vaught* and the case *sub judice* involved a defendant erroneously sentenced as a persistent misdemeanor offender. This is not a sentence enhancing classification. *See* § 558.016. The consequence of being classified a persistent misdemeanor offender is that sentencing is taken from the jury and is imposed by a judge without jury recommendation.

In both *Vaught* and the case *sub judice*, the defendant requested plain error review. *Vaught* stated that erroneously sentencing a defendant as a persistent misdemeanor offender is manifest injustice and, accordingly, plain error. 34 S.W.3d at 296. Very few facts are given. It could be that the defendant in *Vaught* did not waive his right to jury sentencing. It could be that, as *Vaught* was decided before *Emery*, the court did not consider the issue of whether jury sentencing was waived. Or, perhaps, other distinguishing facts were present. Nonetheless, this court is concerned by a reading of *Vaught* as standing for the proposition that erroneously sentencing a defendant as a persistent misdemeanor offender is facially plain error where the defendant waived jury sentencing and the classification as a persistent misdemeanor offender was not a sentencing enhancement classification.

In the case *sub judice*, the consequence of Mr. Darden being erroneously classified as a persistent misdemeanor offender is that sentencing was taken from the jury. Yet, as discussed above, Mr. Darden waived his right to jury sentencing. This court cannot see how Mr. Darden has established manifest injustice where the prejudice demonstrated is that he was denied a statutory right he waived. This is especially true given that "[i]t is well established that the sentencer may consider a defendant's prior convictions." *State v. Smith*, 32 S.W.3d 532, 557 (Mo. banc 2000). Thus, the introduction of the non-qualifying prior misdemeanor was not prejudicial as the judge was permitted to consider it even if Mr. Darden were not a prior misdemeanor offender. If this court were to remand this matter back for resentencing

to be imposed by the same judge, the judge would most likely be confused; he would be asked to sentence Mr. Darden after considering all the evidence—something he has already done. Mr. Darden has not established plain error.

█ To the extent *Vaught* holds that being erroneously sentenced as a persistent misdemeanor offender is facially plain error, it is overruled. Instead, courts must look at whether the defendant has established that the erroneous sentence classification resulted in manifest injustice.

The point is denied.

### Conclusion

Mr. Darden's points are denied. The trial court did not plainly err in submitting the verdict director or charge of domestic assault in the second degree to the jury. While the court erred in sentencing him as a persistent misdemeanor offender, the error did not result in manifest injustice. The judgment of conviction and sentence of imprisonment are affirmed.

All concur.