STATE of Missouri, Respondent,

v.

Scott PERRY, Appellant.

No. ED 76802.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 29, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 17, 2001.

Application for Transfer Denied
Feb. 13, 2001.

S. Paige Canfield, Lisa M. Stroup, Asst.
Public Defenders, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
Susan K. Glass, Asst. Atty. Gen., Jefferson
City, for respondent.

WILLIAM H. CRANDALL, Jr., Judge.

Defendant, Scott Perry, was convicted,
after a jury trial, of possession of heroin, a
controlled substance. He was sentenced
to imprisonment for five years.[1] He ap-
peals alleging the trial court erred in deny-
ing his motion for a mistrial and request to
quash the venire panel and in submitting a
verdict directing instruction that was not
supported by the evidence. We reverse
and remand.

On August 23, 1998, two officers were on
patrol in the City of St. Louis when a
woman informed them she had seen two
men sitting in a truck at an intersection
for approximately twenty minutes. The
officers then proceeded to the intersection,
pulled up behind the truck and activated
their lights. Immediately, Defendant exit-
ed the driver's side of the truck and
walked toward the police car. One officer
instructed him to return to the automobile.
The police then saw him throw down a
cigarette box, which later proved to con-
tain marijuana and three pills of heroin.
Defendant was then arrested and placed in
the patrol car.

The officer then approached the passen-
ger side of the vehicle and located a mari-
juana cigarette tucked behind the ear of
the passenger, Carlton Roberts. Roberts

---

1. The record is unclear whether defendant
was sentenced as a prior offender, a prior and
persistent offender, or a prior and persistent
and a prior drug offender.

was then arrested and placed in the patrol car.

Defendant did not testify at trial. He did, however, present the testimony of Carlton Roberts who testified that both the heroin and marijuana cigarette were his. Roberts further testified that he and Defendant were only in the car for a few minutes when the police vehicle approached, and that when the police car arrived, he got out of the car and threw the box containing the marijuana and heroin on the seat where it was later found by the police.

■ We first address Defendant's second point because it is dispositive of this appeal. Defendant contends that the trial court's submission to the jury of Instruction No. 5, the verdict director, was error because it was not supported by the evidence. The State concedes the trial court erred in submitting the instruction, but argues that Defendant suffered no prejudice.

At the close of the evidence, the State offered, and the trial court gave, over objection of Defendant, the following instruction:

If you find and believe from the evidence beyond a reasonable doubt:
First, that on August 23, 1998, in the City of St. Louis, State of Missouri, the defendant possessed heroin, a controlled substance, and
Second, that defendant knew of its presence and illegal nature,
then you will find the defendant guilty of possessing a controlled substance.
However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.
As used in this instruction, the term "possessed" means either actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who is not in actual possession has constructive possession if he has the power and intention at a given time to exercise dominion or control over the substance either directly or through another person or persons. *Possession may be sole or joint. If one person alone has possession of a substance, possession is sole. If two or more persons share possession of a substance, possession is joint.*

(emphasis added).

■ Instructions must be based on substantial evidence and reasonable inferences drawn therefrom. *State v. Brown,* 958 S.W.2d 574, 580 (Mo.App. W.D.1997); *State v. Price,* 684 S.W.2d 566, 568 (Mo. App.1984). An appellate court will reverse for instructional error only if there is both error in submitting the instruction and prejudice to the defendant. *State v. Taylor,* 944 S.W.2d 925, 936 (Mo. banc 1997). When instructional error arises, prejudice is judicially determined by considering the facts and instruction together. *Brown,* 958 S.W.2d at 581.

Instruction No. 5 tracks the language of MAI–CR 3d 325.02. The above underlined portion is included in section 325.02 but is shown as a parenthetical addition. Although the Notes on Use to this section offer no guidance on when this parenthetical is to be used, MAI–CR 3d 333.00(3) provides that "no definition submitted to a jury should contain portions not applicable to the facts of the particular case."

In this case, the disjunctive submission which allowed the jury to find joint possession was clearly error, as the State concedes, because there was insufficient evidence produced at trial to sustain a finding of joint possession. To the contrary, the evidence produced at trial could only support a finding that Defendant alone, or Roberts alone had sole possession of the drugs.

The State argues however, that Defendant was not prejudiced because the joint

possession language was "mere surplusage." The State claims the instruction contained each element required to sustain a conviction of possession of a controlled substance and the State proved each of these elements. We disagree.

"Instructions must be based on substantial evidence and reasonable inferences therefrom." *Price,* 684 S.W.2d at 568. Here, the jury was permitted, via Instruction No. 5, to consider joint possession in their determination of guilt. This allowed the jury to convict Defendant upon a determination that he somehow knew about the drugs or that he and Roberts shared the drugs. Because neither the State's theory nor the Defendant's theory of the case could support such a determination, it would be based on speculation and conjecture.

The prejudice to Defendant is illustrated by closing argument in which the State emphasized the verdict directing instructions. The prosecutor argued "Joint and sole possession. Let's just say possibly Carlton Roberts first had or maybe it's Carlton Roberts' and Scott Perry's drugs. That's joint possession." Thus, the instruction allowed the prosecutor to argue a theory of the case not supported by the evidence, thereby lessening the State's burden of proof. Defendant's second point is granted.

In view of our disposition on point two, we need not address Defendant's first point claiming trial court error in failing to grant his request for a mistrial.

We reverse and remand.

CLIFFORD H. AHRENS, P.J. and JAMES R. DOWD, J., Concur.