**STATE of Missouri, Respondent,**

v.

**Torobereja THOMAS, Appellant.**

**No. ED 79584.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 26, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 14, 2002.

Application for Transfer Denied
June 25, 2002.

Gwenda R. Robinson, St. Louis, MO, for appellant.

Jeremiah (Jay) Nixon, Atty. Gen., Stephanie Morrell, Asst. Atty. Gen., Jefferson City, MO, for respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Defendant, Torobereja Thomas, appeals from the judgment of convictions, pursuant to jury verdicts, of murder in the first degree and armed criminal action. The court sentenced him to life imprisonment without probation and parole for the murder conviction and to life imprisonment for the armed criminal action conviction, the sentences to run concurrently. We affirm.

Defendant challenges the sufficiency of the evidence. The evidence, viewed in the light most favorable to the verdicts, established that on November 12, 1999, at approximately 7:00 p.m., four men were trav-

elling in a Ford Bronco on a street in the City of St. Louis. They stopped at a stop sign. A Pontiac Trans Am, going the opposite direction, stopped beside them. Three men were in the Trans Am; defendant was the driver.

All of the men were acquainted with each other. The front seat passenger in the Bronco had engaged in previous altercations with defendant, the latest having occurred earlier that day, about 4:00 p.m. At that time, he confronted defendant in the parking lot of a body shop and hit defendant. Their friends broke up the fight.

When the vehicles were along side each other, the men exchanged words. After the Bronco drove away, defendant made a U-turn in the Trans Am and followed close behind the Bronco. The man seated in the front passenger seat of the Trans Am leaned out of the window and began firing a gun at the Bronco. The Bronco sped up. Defendant pursued the Bronco for about one-half mile while his passenger continued to shoot at it. One of the men in the back seat of the Bronco (hereinafter victim) was hit and died from a gunshot to the head. Defendant fled the scene.

The jury found defendant guilty of murder in the first degree and armed criminal action. The court entered judgment in accordance with the verdicts and sentenced defendant to life imprisonment without probation and parole for the murder conviction and to life imprisonment for the armed criminal action conviction, the sentences to run concurrently. Defendant appeals.

In his first point, defendant challenges the sufficiency of the evidence to support his conviction of murder in the first degree. He argues that he was charged with first degree murder on the basis of accomplice liability, but that the evidence did not support that he personally deliberated on killing any of the Bronco's occupants.

■ In considering whether the evidence is sufficient to support the jury's verdict, we must look to the elements of the crime and consider each in turn. *State v. Nyhuis*, 906 S.W.2d 405, 409 (Mo.App. E.D.1995). We are required to take the evidence in the light most favorable to the State and to grant the State all reasonable inferences from the evidence. *Id.* We disregard contrary inferences, unless they are such a natural and logical extension of the evidence that a reasonable juror would be unable to disregard them. *Id.*

■ Section 565.020, RSMo 2000 provides that "[a] person commits the crime of murder in the first degree if he knowingly causes the death of another person after deliberation upon the matter." The act of homicide may be imputed to an accessory who aided in the commission of a homicide with the purpose of promoting it; but the element of deliberation may not be imputed. *State v. O'Brien*, 857 S.W.2d 212, 218 (Mo. banc 1993). Intent, however, may be inferred when an accomplice shares in another's purpose to kill or who knows that his accomplice is armed and that a death is substantially certain to occur. *Id.*

■ Here, defendant was the driver of the vehicle. After exchanging words with the occupants of the Bronco, he made a U-turn to follow the vehicle. His passenger immediately began shooting at the Bronco. He continued his pursuit of the Bronco while his passenger repeatedly fired shots at the vehicle. He did not stop his vehicle when the shooting began, but pursued the Bronco at a high rate of speed for about one-half mile. The jury could reasonably infer from the evidence that defendant knew not only that his passenger was armed, but also that a death was substantially certain to occur when shots were

being fired at a vehicle he was pursuing. Defendant's first point is denied.

In his second point, defendant asserts the trial court erred in submitting Instruction No. 13 on the armed criminal action count to the jury. The challenged instruction read in relevant part:

Instruction No. 13

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

First, that defendant ... is guilty of the offense of murder in the first degree, as submitted in Instruction No. 11, and

Second, that defendant knowingly committed that offense by or with or through the use or assistance or aid of a deadly weapon,

then you will find the defendant ... guilty under Count II of armed criminal action....

Defendant argues that the instruction for murder in the first degree was submitted to the jury on the basis of accomplice liability, but that the armed criminal action instruction was not submitted on that basis.

■■■ An appellate court will reverse for instructional error only if there is both error in submitting the instruction and prejudice to the defendant. *State v. Perry*, 35 S.W.3d 397, 398 (Mo.App. E.D.2000). When instructional error arises, prejudice is judicially determined by considering the facts and instruction together. *Id.*

■■■ We agree with defendant that submitting Instruction No. 13 to the jury was error. Instruction No. 13 was patterned on MAI–CR3d 332.02. MAI–CR3d 332.02, Notes on Use 6 provides that where it is alleged that a person other than the defendant used the deadly weapon, the instruction for armed criminal action must be in

the form of MAI–CR3d 304.04. Instruction No. 13 did not comply with MAI–CR3d 304.04, because it did not instruct the jury on accomplice liability for armed criminal action.

■■■ Defendant, however, concedes that this claim of instructional error was not preserved for appellate review. Defense counsel specifically stated that he had no objection to the jury instruction for armed criminal action. Failure to comply with the Missouri Approved Instructions—Criminal and the applicable Notes on Use is presumed prejudicial. *State v. Roe*, 6 S.W.3d 411, 415 (Mo.App. E.D.1999). But, instructional error seldom constitutes plain error, which requires a defendant to demonstrate more than mere prejudice. *Id.* To prevail on a claim of plain error, a defendant must prove that the error resulted in manifest injustice or a miscarriage of justice. *Id.* For instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict. *Id.* In determining whether the misdirection likely affected the jury's verdict, an appellate court will be more inclined to reverse in cases where the erroneous instruction did not merely allow a wrong word or some other ambiguity to exist, but excused the State from its burden of proof on a contested element of the crime. *Id.*

■■■ In the instant action, the instructional error did not rise to the level of plain error, because the jury was not misled by Instruction No. 13. The instruction referred the jury back to the verdict directing instruction for murder in the first degree, which was premised on accomplice liability. In . addition, the evidence adduced at trial and counsels' arguments made it clear that the only theory of defen-

dant's guilt was that by pursuing the Bronco while his passenger was firing a deadly weapon at it, defendant· acted with the shooter. Defendant's second point is denied.

The judgment of the trial court is affirmed.

KATHIANNE KNAUP CRANE, J.,
and ROBERT G. DOWD, JR., J., Concur.