STATE of Missouri, Respondent,

v.

Rolf RATHMANN, Appellant.

No. ED 83866.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 26, 2004.

Kent Denzel, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck Burgess, Shaun Mackelprang & Andrea Kaye Spillars, Jefferson City, MO, for respondent.

WILLIAM H. CRANDALL, JR., Judge.

Rolf Rathmann (Defendant) appeals from the judgment entered on a jury verdict finding him guilty of eight counts of statutory sodomy in the second degree in violation of section 566.064 RSMo 2000. The trial court sentenced Defendant to a combination of consecutive and concurrent two-year and three-year terms of imprisonment, totaling ten years, and imposed a fine of $5,000.00. We affirm.

The sufficiency of the evidence is not in dispute. In August 2002, Defendant met Victim in an AOL chatroom. Victim was fourteen years of age at the time and Defendant was thirty-seven years old. Defendant and Victim flirted online and made plans to meet. Defendant and Victim met several times and engaged in oral and anal sex.

Defendant and Victim's relationship ended when Victim's father discovered a voice mail message Defendant left for Victim on a cellular telephone. Victim admitted his sexual relationship with Defendant to his parents. Victim's parents reported the matter to the police. At trial, Defendant testified in his own defense and admitted to having oral and anal sex with Victim but stated he believed Victim was of legal age

■ In his sole point on appeal, Defendant argues the trial court plainly erred [1] in submitting jury instructions 5 through 12, the verdict directing instructions on statutory sodomy in the second degree, because the use of the general converse paragraph in those instructions confused the jury and caused them to incorrectly believe Defendant had to prove his affirmative defense that he believed Victim to be seventeen years of age or older beyond a reasonable doubt rather than by preponderance of the evidence.

Here, the verdict directing instructions on statutory sodomy in the second degree for all eight counts included the following language:

As to Count [ ], if you find and believe from the evidence beyond a reasonable doubt:

First, that between June 1, 2002 and October 30, 2002, in the County of St.

---

1. Defendant concedes his claim of instructional error was not preserved for appellate review. Defense counsel did not make a specific objection to the instructions as required by Supreme Court Rule 28.03.

Louis, State of Missouri, [description of conduct], and

Second, that such conduct constituted deviate sexual intercourse, and

Third, that at that time [Victim] was less than seventeen years of age, and

Fourth, that at that time defendant was twenty-one years of age or older, then you will find the defendant guilty under Count [ ] of statutory sodomy in the second degree unless you find and believe from the evidence that it is more probably true than not true that the defendant reasonably believed that [Victim] was seventeen years of age or older.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

Note 2 of the Notes on Use to MAI–CR3d 320.13 second degree statutory sodomy, states:

2. It is an affirmative defense to this crime that the defendant reasonably believed that the victim was seventeen years of age or older. Section 566.020.3 RSMo 2000. If this affirmative defense is being raised by the defendant, the following parenthetical language that begins "unless you find and believe" should be added. If such parenthetical material is given, the general converse beginning with "However, unless, you ..." will be omitted.

■ The state acknowledges the inclusion of the general converse was error. Failure to comply with the Missouri Approved Instructions–Criminal and the applicable Notes on Use is presumed prejudicial. *State v. Thomas*, 75 S.W.3d 788, 791 (Mo.App. E.D.2002). Instructional error, however, seldom rises to the level of plain error, which requires a defendant to demonstrate more than mere prejudice.

*Id.* To prevail on a claim of plain error, a defendant must prove the error resulted in manifest injustice or a miscarriage of justice. *Id.* For instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury that it is apparent to the appellate court the instructional error affected the jury's verdict. *Id.*

Here, the instructional error did not rise to the level of plain error, because the jury was not misled by the inclusion of the general converse. *See State v. Dunlap*, 706 S.W.2d 272, 276–77 (Mo.App. E.D. 1986). The instruction clearly set forth both standards of proof and their applications.

In addition, the record reveals defense counsel in his closing argument carefully explained Defendant's affirmative defense and reminded the jury what the instructions required. Defense counsel stated, "The state has to prove beyond a reasonable doubt A, B, C, and D. All we have to do is prove that it's more probable than not that [Defendant] had a reasonable doubt." Defense counsel went on to say, there are "two different standards. His is more likely than not that it's reasonable. The other is you have got to believe [Victim] beyond a reasonable doubt." Accordingly, we do not believe the jury was misled with respect to the burden of proof on Defendant's affirmative defense and conclude inclusion of the general converse did not result in manifest injustice.

The judgment of the trial court is affirmed.

CLIFFORD H. AHRENS, Presiding Judge, JAMES A. PUDLOWSKI, Senior Judge, concur.