**STATE of Missouri, Respondent,**

v.

**Arthur T. REED, Appellant.**

No. ED 89015.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 22, 2008.

Lisa M. Stoup, Office of the Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Robert J. Bartholomew, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, Judge.

### Introduction

A jury convicted Appellant Arthur T. Reed of one count of second-degree burglary, Section 569.170 RSMo. (2000) [1] on 18 October 2006. The Circuit Court of the City of St. Louis, the Honorable Robert H. Dierker, Jr. presiding, sentenced Reed to a term of fifteen years' imprisonment as a prior and persistent offender. Reed appeals, arguing that the trial court improperly instructed the jury by excluding the word "unlawfully" from the verdict director for burglary and by failing to give an instruction for the lesser-included offense of trespassing. We reverse and remand for a new trial.

### Factual and Procedural Background

Richard Thompson came home from work early on the afternoon of 21 February 2006 to find his front door open, ap-

---

1. All statutory references are to RSMo (2000) unless otherwise noted.

pearing as though someone had forced it open. Thompson went upstairs and saw that his DVD player and a bag of pork steaks were on the floor. In his living room, he saw that a closet door was open and a gold tin can that contained mementos was open on the floor. He testified that the can had been in the closet and he had not moved it for at least ten years. Thompson also noticed that approximately sixty DVDs were missing, as well as a watch. Thompson called the police, and an officer came out to his house. The officer fingerprinted the items that Thompson said had been moved. The police later determined that one of the fingerprints the officer had lifted from the gold can belonged to Appellant Reed. Thompson testified that he did not know Reed and had never seen him before.

The State charged Reed with burglary in the second degree, Section 569.170 RSMo, and felony stealing, Section 570.030 RSMo. Reed testified at trial on his own behalf. He testified that he had been in Thompson's apartment before, but he did not burglarize it. Reed stated that he had sold his friend Eric some cocaine, but Eric did not have the money to pay for it. Therefore, Eric took Reed over to Thompson's house to get the money from Thompson. Reed testified that he also gave Eric cocaine to exchange with Thompson for marijuana. Reed said that when Eric brought the marijuana downstairs to him after getting it from Thompson, Reed wanted to smoke some of it. Reed said Eric told him to look in a gold can on the living room table for a pipe. Reed testified that his fingerprint was on the gold can because he had pried it open in order to retrieve the pipe. Reed stated he also

went back to Thompson's apartment about a week later and made a similar exchange of drugs with Thompson through Eric.

At trial, Reed submitted an instruction for first-degree trespass as a lesser-included offense to burglary. The trial court refused this instruction, giving only the verdict directors for second-degree burglary and for stealing. The defense did not object to either instruction. After two hours of deliberation, the jury asked the court for definitions of both "burglary" and "stealing." The court told the jurors that they were to be guided by the instructions as given. The jury found Reed guilty of second-degree burglary and acquitted him of stealing.

■ Reed raises two points on appeal. However, we find one to be dispositive and therefore we will address only that point.[2] Reed argues that the trial court plainly erred in giving the verdict director for burglary because it did not require the jury to find that Reed had entered Thompson's apartment unlawfully. Therefore, Reed argues, the State was not required to prove all elements of burglary beyond a reasonable doubt, and as such, his conviction cannot stand.

### Standard of Review

■ Where the defense did not object to an instruction, we can review only for plain error. *See State v. Thomas,* 75 S.W.3d 788, 791 (Mo.App. E.D.2002). We grant relief under the plain error rule only if the trial court's error violated the appellant's substantial rights resulting in manifest injustice or a miscarriage of justice. Missouri Supreme Court Rule 30.20; *State v. Sidebottom,* 753 S.W.2d 915, 920 (Mo. banc 1988).

---

**2.** The point we do not address is the trial court's failure to include the lesser-included offense of first-degree trespassing. However, we note that "[a] defendant is entitled to an instruction on any theory his evidence tends to establish." *State v. Crenshaw,* 14 S.W.3d 175, 177 (Mo.App. E.D.2000).

### Discussion

■ Failure to use an applicable Missouri Approved Instruction (MAI) is presumed prejudicial. *State v. Thomas*, 75 S.W.3d at 791. However, under plain error review, an appellant has to show more than prejudice. *Id.* "For instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict. In determining whether the misdirection likely affected the jury's verdict, an appellate court will be more inclined to reverse in cases where the erroneous instruction did not merely allow a wrong word or some other ambiguity to exist, but excused the State from its burden of proof on a contested element of the crime." *Id.*

■ The verdict director for burglary here stated the following two elements:

First, that on or about February 21, 2006, in the City of St. Louis, State of Missouri, the defendant knowingly entered in an inhabitable structure located at 1910 Victor and owned by Richard Thompson, and

Second, that defendant did so for the purpose of committing the crime of stealing therein.

Reed points out that this instruction contained two deviations from the applicable instruction, MAI–CR 3d 323.54. First, this instruction says Reed "knowingly entered in" as opposed to "knowingly entered *unlawfully* in." Second, he argues that this instruction did not contain a definition of stealing, as required by the Notes on Use of MAI–CR 3d 323.54. The issue is whether these two failures to conform to MAI amounted to plain error requiring reversal.

The omission of the definition of stealing in the verdict director for burglary was error because the Notes on Use required a definition. However, the instructions are to be considered as a whole and the omission of language in one instruction does not prejudice the defendant if the subject matter is covered elsewhere in the instructions. *State v. Sandles*, 740 S.W.2d 169, 173 (Mo. banc 1987). Because the court also instructed the jury on a charge of stealing, there was a definition of stealing in that verdict director. Therefore, when viewing the instructions as a whole, the omission of a definition of stealing in the verdict director for burglary does not rise to the level of plain error requiring reversal.

■ However, the omission of the word "unlawfully" in the verdict director for burglary was also error. Our Supreme Court recently addressed precisely this error. In *State v. Cooper*, the court said that the omission of the word "unlawfully" constitutes the omission of an essential element that the State must prove, and thus it is plain error. 215 S.W.3d 123, 126 (Mo. banc 2007). The only exception is when unlawful entry is not in dispute, because in that case the jury's verdict remains unaffected. *Id.*

Here, Reed does dispute the lawfulness of his presence at Thompson's apartment. He says he was invited there by Eric and that he believed he had permission from Thompson to be there. Thus, the jury would have had to find that Reed's presence was unlawful in order to convict him of burglary. Because the jury was not asked to make this finding, the State was excused from its burden of proof on this essential element.[3] Thus, this omission

---

**3.** Furthermore, the fact that the jury asked for definitions of both burglary and stealing lends weight to the conclusion that the issue of unlawfulness was disputed.

542

was plain error and Reed was prejudiced thereby.

### *Conclusion*

The trial court's omission of the word "unlawfully" from the verdict director for burglary constituted the omission of an essential element that the State had to prove beyond a reasonable doubt. This element was disputed at trial. Thus, the trial court committed plain error which prejudiced Reed. We reverse and remand for a new trial.

REVERSED AND REMANDED.

KATHIANNE KNAUP CRANE, P.J., and ROBERT G. DOWD, JR., J., concur.