Gary M. Gaertner, Jr., Presiding Judge
Introduction
Francisco A. Lopez (Defendant) appeals from the trial court's entry of judgment and sentence after a jury found him guilty *77 of driving while intoxicated (DWI), endangering the welfare of a child, and driving without a valid license. He argues on appeal that there was insufficient evidence supporting the DWI charge, and that the trial court plainly erred in permitting an instructional error and improperly applied the law. We affirm.
Background
The State charged Defendant with the class B misdemeanor of DWI (Count I), the class A misdemeanor of endangering the welfare of a child in the second degree (Count II), and the class A misdemeanor of driving without a valid license (Count 111), stemming from a one-vehicle accident on March 30, 2013.[1]
At a 2016 trial, Sergeant Aaron Sutton with the Warren County Sheriff's Department testified to the following. Around 7:30 p.m. on March 30, 2013, he responded to a dispatch call reporting a vehicle accident, where he discovered that a vehicle had gone off the roadway and struck a tree. When Sergeant Sutton arrived at the scene, Defendant was outside the vehicle but identified himself as the driver and stated his five-year-old son, O.L., was in the vehicle with him at the time of the accident. Defendant produced a Mexican identification card, but he did not have a Missouri driver's license or an international driver's license. Sergeant Sutton testified that he believed a Mexican identification card was the same as a Mexican driver's license. However, he also testified without objection that Missouri does not recognize a Mexican identification card as a valid driver's license and that a Mexican identification card does not grant a person driving privileges in Missouri.
While speaking with Defendant, Sergeant Sutton noticed a moderate smell of alcohol on Defendant's breath, Defendant's speech was slightly slurred, he was swaying, and his eyes were bloodshot, watery, and glassy. Although Defendant initially denied drinking alcohol, Sergeant Sutton administered a partial horizontal gaze nystagmus (HGN) test-a field sobriety test-which showed a distinct nystagmus in both of Defendant's eyes, indicating impairment. On cross-examination, Sergeant Sutton agreed that a nystagmus could also indicate a head injury and Defendant had an abrasion on his forehead following the accident.
Sergeant Sutton took Defendant into custody on suspicion of DWI. At the police station, Sergeant Sutton read Defendant his rights and administered three additional field sobriety tests to Defendant, two of which indicated impairment. During booking, Defendant admitted that he had consumed six beers between 3:30 p.m. and the accident, which Defendant stated occurred around 7:20 p.m.
Defendant moved for a judgment of acquittal on Counts I and II at the close of the State's evidence. The trial court denied the motion and then submitted instructions to the jury without objection. The jury found Defendant guilty on all counts. The trial court sentenced Defendant to concurrent terms of 30 days in the county jail on Count I and 60 days in the county jail on Count II. On Count III, the trial court issued Defendant a fine. This appeal follows.
*78 Discussion
Point I
In his first point on appeal, Defendant argues the trial court erred in overruling his motion for judgment of acquittal on Count I, the DWI charge, because there was insufficient evidence supporting his conviction. We disagree.
We review claims challenging the sufficiency of the evidence supporting a criminal conviction by determining whether the State presented sufficient evidence at trial from which a reasonable jury might have found the defendant guilty of all the essential elements of the crime beyond a reasonable doubt. State v. Gibbs, 306 S.W.3d 178, 181 (Mo. App. E.D. 2010). We accept as true all evidence and favorable inferences supporting the jury's verdict and disregard all contrary evidence and negative inferences. Id. We do not act as a super juror with veto power but will defer to the trier of fact. State v. Nash, 339 S.W.3d 500, 559 (Mo. banc 2011).
"A person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition." Section 577.010.1. RSMo. (Cum. Supp. 2011). To sustain a conviction, the State must prove through direct or circumstantial evidence not only that the defendant was intoxicated, but also that the defendant operated the vehicle while in this condition. State v. Davis, 217 S.W.3d 358, 360 (Mo. App. W.D. 2007) ; State v. Shoemaker, 448 S.W.3d 853, 856 (Mo. App. W.D. 2014). Circumstantial evidence is evidence that does not directly prove a fact but gives rise to a logical inference that the fact exits. State v. Putney, 473 S.W.3d 210, 216 (Mo. App. E.D. 2015). In considering the sufficiency of the evidence, we give circumstantial evidence the same weight as direct evidence, Shoemaker, 448 S.W.3d at 856.
Defendant argues on appeal both that the State did not prove what time the accident occurred and thus the evidence of intoxication at his arrest was too remote in time to establish his intoxication while driving; and also that the State's evidence was insufficient to prove intoxication. Neither challenge is persuasive.
First, the evidence was sufficient to prove a temporal connection between Defendant's operation of the vehicle and the observed intoxication. See Shoemaker, 448 S.W.3d at 856 (State must prove "temporal connection" between defendant's operation of vehicle and his observed intoxication). The established timeline is this: Defendant stated he crashed his vehicle at approximately 7:20 p.m.; Sergeant Sutton received a dispatch call at 7:30 p.m.; and Sergeant Sutton arrived at the scene approximately 10-15 minutes later by 7:45 p.m., whereupon he observed signs of intoxication in Defendant. On this evidence, there was approximately thirty minutes or less between when Defendant admitted he was driving and Sergeant Sutton's observations of intoxication, which is on its face sufficiently close in time to support an inference of intoxication while driving. See State v. Davis, 226 S.W.3d 927, 929 (Mo. App. W.D. 2007) (interval of less than thirty minutes between driving and observations of intoxication is close enough time frame to support conviction for driving while intoxicated).
Second, the State may prove intoxication through circumstantial evidence and the testimony of witnesses who had a reasonable opportunity to observe the defendant. Putney, 473 S.W.3d at 215-16. Here, Defendant admitted that he consumed six beers between 3:30 p.m. and the accident at 7:20 p.m. In talking with Defendant at the scene, Sergeant Sutton noticed a moderate smell of alcohol on Defendant's breath, and that Defendant's speech was *79 slurred, he was swaying, and his eyes were bloodshot, watery, and glassy. Sergeant Sutton conducted a partial field sobriety test at the scene, which indicated Defendant was intoxicated, and three additional field sobriety tests at the police station, two of which indicated intoxication. These facts were sufficient for a reasonable jury to find that Defendant was operating his vehicle while intoxicated, See State v. Burks, 373 S.W.3d 1, 4 (Mo. App. S.D. 2012) (admission of drinking, odor of alcohol, swaying, failing field sobriety tests, and glassy, watery, and bloodshot eyes were all sufficient evidence of intoxication). While Defendant presented at trial alternative explanations for Sergeant Sutton's observations, our review is merely to determine whether evidence existed from which a jury could form the conclusions it did. We do not reweigh the evidence or substitute our judgment for that of the jury's.
To the extent Defendant challenges for the first time on appeal the admission or weight of the HGN test result by claiming Sergeant Sutton improperly conducted the test or was not qualified to perform the test, we do not consider claims raised for the first time on appeal that challenge the admissibility of evidence for lack of foundation. See State v. Tisius, 362 S.W.3d 398, 407 (Mo. banc 2012) (noting, "[w]e will not review the contention of inadequate foundation raised for the first time on appeal") (citation omitted); State v. Honsinger, 386 S.W.3d 827, 829 (Mo. App. S.D. 2012), Moreover, the manner in which tests are conducted speaks to the weight of the evidence, which is an issue for the jury, not this Court, to decide. See State v. Evans, 517 S.W.3d 528, 540 (Mo. App. S.D. 2015). Regardless, where, as here, there is substantial properly admitted evidence supporting the jury's finding of intoxication, including multiple observed physical signs of intoxication, failed field sobriety tests, and an admission of drinking, any potential error in the admission of an HGN test is not reversible error. State v. Browning, 458 S.W.3d 418, 422 (Mo. App. W.D. 2015).
Because there was sufficient evidence supporting the conviction, the trial court did not err in entering judgment on the jury's guilty verdict on Count I. Point denied.
Point II
In his second point on appeal, Defendant argues the trial court plainly erred in submitting Instruction Number 7, the verdict-directing instruction on Count II, to the jury because it vaguely defined Defendant's conduct rather than issuing a concise statement, thus impermissibly placing the burden on the jury to determine the meaning of "recklessly" and "caused." We disagree.
Because Defendant did not object to the trial court submitting Instruction No. 7, his claim is unpreserved and we will review it only for plain error under Rule 30.20. Under plain-error review, we will reverse only if a plain error affecting substantial rights results in manifest injustice or a miscarriage of justice. State v. McCleary, 423 S.W.3d 888, 896 (Mo. App. E.D. 2014). "[I]nstructional error seldom constitutes plain error." State v. Thomas, 75 S.W.3d 788, 791 (Mo. App. E.D. 2002). For instructional error to result in plain error, the trial court must have "so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict." Id.
Missouri Approved Instruction 322.11 is the approved jury instruction associated with the charge of endangering the welfare of a child in the second degree. MAI-CR
*80 322.11 provides that the instruction must set forth for the jury a "concise statement of defendant's conduct." MAI-CR 3d 322.11 (Cum. Supp. 2016).[2] Here, the challenged instruction read:
As to Count II, if you find and believe from the evidence beyond a reasonable doubt:
First, that on or about March 30, 2013, in the State of Missouri, the defendant drove recklessly and caused a motor vehicle to crash while O.L. was a passenger in the vehicle, ...
Defendant argues that the phrase, "drove recklessly and caused a motor vehicle to crash," violated MAI-CR 3d 322.11 because it was not a sufficiently concise statement of his conduct and the words "recklessly" and "caused" were not defined for the jury. Defendant's arguments are unavailing.
MAI-CR 3d 322.11 does not require definitions for the terms "recklessly" or "caused," so there is no presumption of error in their omission. Rather, under our plain-error review, we will reverse only if the instructions misdirected or misled the jury. Where the words in the instruction are used in their ordinary, commonly understood meaning, no confusion occurs even though the words are not defined. State v. Matheson, 919 S.W.2d 553, 558-59 (Mo. App. W.D. 1996). "Reckless" is defined as "lacking in caution: deliberately courting danger," and "cause" is defined as "a person, thing, fact, or condition that brings about an effect or that produces or calls forth a resultant action or state." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 356, 1893 (2002). Here, our review of the challenged instruction shows that it used "recklessly" and "caused" in their ordinary, common-sense meaning, which would not have misdirected or misled the jury. The evidence at trial was sufficient for a jury to find that Defendant was intoxicated while he drove his vehicle with his five-year-old child inside, and that, in that intoxicated condition, he crashed the vehicle. We see no error, plain or otherwise, resulting from the trial court submitting the instruction on Count II to the jury. Point denied.
Point III
In his third and final point on appeal, Defendant in essence argues the trial court plainly erred in entering judgment on Count III, operating a motor vehicle without a valid license, because the State failed to meet its burden of proof on this charge, in that the evidence was that Defendant possessed a Mexican identification card, which Sergeant Sutton believed to be a Mexican driver's license, which provided him with a complete defense to the charge under Missouri law. We decline to exercise our plain-error review on this point.
Defendant concedes he did not object at trial to testimony on this issue or inject the issue of his potential defense to Count III at trial or in his motion for new trial. We may, but are not required to, review Defendant's third point for plain error under Rule 30.20. State v. Chambers, 234 S.W.3d 501, 512 (Mo. App. E.D. 2007) ("An appellate court has complete discretion on whether to review an unpreserved matter for possible plain error.") (citation omitted). Plain-error review is not a panacea that a criminal defendant can use to obtain *81 appellate review of any unpreserved error. State v. White, 247 S.W.3d 557, 561 (Mo. App. E.D. 2007). The record on appeal does not allow us to effectively review this issue, and thus we decline plain-error review.
Point denied.
Conclusion
We affirm the judgment and sentence of the trial court.
Robert M. Clayton III, J., concurs.
Angela T. Quigless, J., concurs.

Defendant initially entered a guilty plea, and the trial court sentenced him to a suspended imposition of sentence and two years of probation on December 17, 2013. However, in June of 2015, he requested to withdraw his guilty plea, arguing he did not realize the immigration consequences of his guilty plea, in that his plea rendered him ineligible for cancellation of removal. It appears from the subsequent record that the trial court granted the motion and allowed Defendant to withdraw his guilty plea.

The relevant portion of MAI-CR 3d 322.11 reads:
(As to Count ______, if) (If) you find and believe from the evidence beyond a reasonable doubt:
First, that (on) (on or about) [date ], in the (City) (County) of ____________________, State of Missouri, the defendant [concise statement of defendant's conduct ] ...
MAI-CR 3d 322.11 (Cum. Supp. 2016).