STATE of Missouri, Plaintiff-Respondent,

v.

Tylor Scott DERENNAUX, Defendant-Appellant.

No. SD 34638

Missouri Court of Appeals, Southern District, Division One.

Filed: December 12, 2017

CASEY A. TAYLOR, Columbia, MO, for Appellant.

DANIEL N. MCPHERSON, Jefferson City, MO, for Respondent.

DON E. BURRELL, J.

A jury found Tylor Scott Derennaux ("Defendant") guilty of arson and two burglaries in the second degree for events occurring in April 2014 near Davisville. *See* 569.050 and 569.170.[1] Defendant was sentenced to a total of 11-years imprisonment based upon consecutive sentences of two years on each burglary count and seven years on the arson count.

In three points relied on, Defendant challenges his judgment of conviction and sentence by claiming: (1) the trial court "clearly erred in overruling [Defendant's] motion to suppress the cameras seized from him during an unlawful detention"; (2) the trial court "plainly erred" by "excluding the option of a 1-year prison sentence" in the jury instructions on the burglary counts; and (3) the trial court erred in "overruling [Defendant's] objection" to the State's sentencing-phase rebuttal closing argument that Defendant, " 'up to this point in time, as we stand here, has not taken responsibility for what he did[.]' "

Finding no merit in any of these claims, we affirm.

## Applicable Principles of Review and Governing Law

■ "Issues that were not preserved may be reviewed for plain error only, which requires the reviewing court to find that manifest injustice or a miscarriage of justice has resulted from the trial court error." *State v. Baumruk*, 280 S.W.3d 600, 607 (Mo. banc 2009); *see also* Rule 30.20. Plain-error relief requires "evident, obvious, and clear" error and a resulting manifest injustice or miscarriage of justice. *Id.* at 607-08 (quotation omitted).

■ Assuming that the issue has been preserved,

[a] trial court's rulings on closing argument are reviewed only for an abuse of discretion. *State v. Mahurin*, 799 S.W.2d 840, 844 (Mo. banc 1990). To constitute reversible error, there must be both an abuse of discretion by the trial court and prejudice to the defendant as a result of such abuse.

---

1. All statutory references are to RSMo 2000 except as otherwise indicated. All rule references are to Missouri Court Rules (2017).

*State v. Gilmore*, 22 S.W.3d 712, 715 (Mo. App. W.D. 1999).

## Analysis

■ Defendant's points do not challenge the sufficiency of the evidence to support his convictions, and we limit our evidentiary summary to matters relevant to the points, "view[ing] the facts and the reasonable inferences therefrom in the light most favorable to the verdict[s]." *State v. Salazar*, 414 S.W.3d 606, 610 n.2 (Mo. App. S.D. 2013). We begin our analysis of each point with the factual and procedural history relevant to that particular point.

### *Point 1—The Two Cameras* [2]

Brandon Black and a female juvenile ("Juvenile") testified at Defendant's July 2016 trial that they were walking down Highway 49 with Defendant on the night of April 17, 2014. Trishia Hicks,[3] a volunteer firefighter, was driving Highway 49 sometime around midnight when she passed Juvenile and two men about a mile from where, some 90 minutes later, she would be dispatched to help fight a fire. Juvenile waved her hands to stop Ms. Hicks and asked her to take the trio to Cherryville. Ms. Hicks refused because Cherryville was in the opposite direction from where she was headed, and she could smell alcohol on the group.

Sometime after midnight, Melba Martin heard popping sounds and observed that the neighboring mobile home that belonged to her daughter and son-in-law ("the Tricamos") was on fire. Ms. Martin also saw several items from the mobile home scattered in the yard, and she discovered that a door to a farmhouse on the Tricamos' property had been kicked in. Nothing was amiss with the Tricamo property when Ms. Martin had checked it earlier in the evening.

When Ms. Hicks was dispatched to fight the fire, she informed her assistant chief about the people she had seen in the road. That information was passed on to Sheriff's Deputy Frank Williams, and he responded to the scene.[4] Deputy Williams left the scene of the fire around 4:30 a.m., and he stopped when he saw Defendant and Juvenile walking in the road. Defendant was not wearing a coat, and Juvenile was not wearing shoes. Deputy Williams could smell alcohol on Defendant's breath as he spoke with him. Deputy Williams asked Defendant how old he was, and Defendant replied, " '[W]hat difference does it make?' " Defendant also said, " 'I could've spilled beer on me.' "

Deputy Williams "noticed that there were some bulging items in [Defendant's] pocket, so [the deputy] asked him what they were and [Defendant] told [the deputy] they were cameras." The deputy had Defendant take the cameras out of his pocket, and when asked if they were his cameras, Defendant said he had received them as a gift from his grandmother. Deputy Williams had Defendant get into the officer's patrol car, and he gave Defendant a *Miranda*[5] warning. The deputy seized the cameras as evidence. At a later time, Mr. Tricamo identified the cameras as his property.

---

2. "In reviewing the trial court's denial of a motion to suppress, we consider the evidence presented at both the suppression hearing and at trial to determine whether sufficient evidence exists in the record to support the trial court's ruling." *State v. Nelson*, 334 S.W.3d 189, 193 (Mo. App. W.D. 2011).

3. Ms. Hicks's last name had changed to Rice by the time of trial.

4. Williams's title had changed to "Sergeant" by the time of the suppression hearing.

5. *See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Defendant filed motions to suppress the statements he made to law enforcement officers, "the two cameras allegedly found on [D]efendant's person," and any testimony relating to the cameras ("the suppression motions"). Following a hearing and briefing by counsel, the trial court denied the suppression motions.

Defendant did not object at trial to testimony from Deputy Williams or Mr. Tricamo regarding the cameras. And when the prosecutor offered the cameras into evidence, defense counsel affirmatively stated, "No objection." Defendant filed a motion for new trial ("new trial motion") that stated that "[a]ll pretrial motions and oral arguments made during trial are incorporated by reference and included herein[,]" but it made no other specific reference to the suppression motions or the cameras. In arguing the new trial motion, defense counsel did not specifically address either the suppression motions or the cameras.

■ While Defendant acknowledges that he "did not object to the admission of the cameras at trial[,]" he maintains that the new trial motion incorporated "all pretrial motions and oral arguments made on those motions[,]" and he asks us to review the suppression ruling for "clear error." The State maintains that Defendant waived any claims regarding the cameras as evidence because he did not renew the suppression motions at trial and defense counsel stated " '[n]o objection' " when they were offered into evidence. We agree.

■ "A trial objection to the admission of evidence challenged in a motion to suppress is required to preserve the issue for appellate review." *State v. Lloyd*, 205 S.W.3d 893, 900 (Mo. App. S.D. 2006).

"The defendant cannot resurrect [an] abandoned issue in his motion for new trial after already allowing it to die at trial for lack of proper objection." *State v. Overstreet*, 694 S.W.2d 491, 494 (Mo. App. E.D. 1985). "Under such circumstances, 'even plain error review is not warranted.' " *Lloyd*, 205 S.W.3d at 901 (quoting *State v. Markham*, 63 S.W.3d 701, 707-08 (Mo. App. S.D. 2002)). Point 1 is denied.

*Point 2—Sentencing Instructions for the Burglaries*

■ Point 2 claims the trial court committed plain error when it instructed the jury that the burglary "sentences must be either '2, 3, 4, 5, 6 or 7' years, excluding the option of a 1-year *prison* sentence" for each of the burglary counts because a one-year sentence is the authorized minimum sentence for Class C felonies and "if the jury had been properly instructed, there is a reasonable probability it would have imposed a sentence of one year for each of the burglary counts rather than the two-year sentences it imposed." (Emphasis added.)

At the beginning of trial, Defendant cited *State v. Quisenberry*, 639 S.W.2d 579 (Mo. banc 1982), to the trial court and argued that for a class C felony, "[t]he minimum [sentence] is not two, but one [year] in the Department of Corrections[.]" Defendant, however, did not later object to the sentencing-phase jury instructions, and he did not include his claim in the new trial motion. Defendant thus acknowledges that his claim is limited to plain error review. *See State v. Zetina–Torres*, 482 S.W.3d 801, 810 (Mo. banc 2016).

The sentencing instructions provided: [6]

**6.** The corresponding sentencing instruction and verdict form for the arson offense were identical, except for the count number and description of the offense. Defendant makes

no challenge concerning the arson offense because he says that "the jury's imposition of the maximum seven-year sentence indicates there was no prejudice in the court's failure

As to Count [1 and 2], you have found [Defendant] guilty of burglary in the second degree. At this stage of the trial, it will be your duty to determine within the limits prescribed by law the punishment that must be imposed for that offense.

The punishment prescribed by law for burglary in the second degree is:

1. Imprisonment for a term of years fixed by you, but not less than two years and not to exceed seven years,

2. Imprisonment in the county jail for a term fixed by you, but not to exceed one year,

3. Imprisonment for a term of years fixed by you, but not less than two years and not to exceed seven years and in addition a fine, the amount to be determined by the Court,

4. Imprisonment in the county jail for a term fixed by you, but not to exceed one year and in addition a fine, the amount determined by the Court,

5. No imprisonment but a fine, in an amount to be determined by the Court.

The maximum fine that the Court may impose is $5,000.00.

The verdict forms included the following preprinted language:

Select one of the following paragraphs and write it in the above blank. If your selection includes imprisonment, insert the time period.

1. Imprisonment for a term of ___* year(s) in the Missouri Department of Corrections.

2. Imprisonment in the county jail for a term of ___.* *

3. Imprisonment for a term of ___* year(s) in the Missouri Department of Corrections, and a fine, the amount to be determined by the Court.

4. Imprisonment in the county jail for a term of ___,* * and a fine, the amount to be determined by the Court.

5. No imprisonment but a fine, in an amount to be determined by the Court.

*Insert 2, 3, 4, 5, 6 or 7.

* *Insert period of time, not to exceed one (1) year.[7]

The sentencing instructions were patterned after MAI CR 3rd 305.01, and they specifically incorporated Notes on Use No. 3, addressing the *"language on punishment"* to be used for *"a class C ... felony*[.]" The quoted language from the verdict forms was patterned after MAI CR 3rd 304.40[c. Assessing punishment on class C and D felonies,]" and they varied from the pattern instruction by including "in the Missouri Department of Corrections" in paragraphs 1 and 3.

Defense counsel's argument to the jury in the penalty phase included the following:

[Defendant] should be punished. I'm not going to ask you to fine him. I'm not going to ask you for a period of days or months in the county jail for these offenses. Something harsher is more appropriate. I don't deny that.

. . . .

[T]he appropriate punishment for each of these two burglary counts is one year in the county jail. You may be wondering whether those will be run concurrent or consecutive. The Judge will decide

to instruct on the proper minimum term for that offense."

**7.** The verdict forms were returned with a *"2"* handwritten in the blank in paragraph 1.

that rather than yourselves, but we think that's an appropriate sentence. We think that recognizes the gravity of the crimes you've convicted [Defendant] of, but it also recognizes what happened to the other two people who were involved in this case, including [Mr.] Black. We would urge you to sentence [Defendant] to one year on each of those two burglaries and three years on the arson charge. Thank you.

Defendant insists that the MAI instructions conflict with substantive law on sentencing for a class C felony and that their use constituted plain error, citing *Quisenberry*, 639 S.W.2d at 587-88, a case in which the trial court mistakenly thought that the jury's recommended sentence of imprisonment in the county jail for one year on two class-C felonies was lower than that permitted by statute. *Id.* at 587; *cf. State v. Dominguez–Rodriguez*, 471 S.W.3d 337, 343 (Mo. App. E.D. 2015) (the use of an approved instruction is not deemed plain error unless "the MAI is not in 'proper form' because it fails to comport with substantive law").[8]

▪ We do not decide whether the instructions complained of were erroneous because even if that were the case, we would not reverse the judgment. Defendant insists that "if the jury had been properly instructed, there is a reasonable probability it would have imposed a sentence of one year for each of the burglary counts rather than the two-year sentences it imposed." That argument is not sufficient to meet the standard of review for *unpreserved* instructional error on direct appeal. "When the unpreserved allegation concerns instructional error, plain error exists when it is clear that the circuit court has so misdirected or failed to instruct the jury that manifest injustice or miscarriage of justice has resulted." *Zetina–Torres*, 482 S.W.3d at 810. For purposes of plain error, the defendant must show "more than mere prejudice." *See State v. Thomas*, 75 S.W.3d 788, 791 (Mo. App. E.D. 2002). Rather, "the trial court must have so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict." *Id.*

Such is not the case here, where it is *not* apparent that the jury would have sentenced Defendant to, as he frames it, "one year for each of the burglary counts rather than the two-year sentences it imposed" but-for the failure to specifically include the possibility of a one-year prison sentence. Defense counsel specifically argued to the jury that "the appropriate punishment for each of these two burglary counts is one year in the county jail[,]" and even though this particular option was before the jury in the instructions, the jury rejected that suggestion and instead recommended two-year sentences in the Department of Corrections for the burglaries. *Cf. State v. Snow*, 299 S.W.3d 710, 718 n.3 (Mo. App. W.D. 2009) (the jury's recommendation of a four-year sentence further undercut the defendant's argument that he was prejudiced by an instruction patterned after MAI-CR 305.01 (1-1-07) concerning a one-year sentence).

▪ Moreover, we reject the notion that Defendant suffered a manifest injus-

---

8. The *Quisenberry* opinion did not review the lawfulness of the jury instructions submitted in that case, which included the possibility of "[i]mprisonment in the county jail" for one year but not imprisonment in "the Division of Corrections" for one year. *Id.* at 586 and n.21. Our high court did observe that section 558.011 did "not exclude the possibility that a regular sentence of one year in the Division of Corrections might be imposed for class C and D felonies" before ruling "that the minimum authorized term of imprisonment for a class C felony under [section] 558.011.1(3) is one year." *Id.* at 588.

tice or miscarriage of justice because he *now* claims that the jury should have been instructed on the possibility of a one-year sentence in the Department of Corrections when he specifically asked the jury to impose a one-year sentence *in the county jail*—an option it was allowed to impose under the instructions but rejected in favor of a two-year sentence in the Department of Corrections.

Point 2 is denied.

*Point 3—The State's Rebuttal Argument*

 Finally, Defendant claims the trial court committed plain error in overruling defense counsel's objection to the prosecutor's sentencing-phase rebuttal argument that Defendant failed to accept responsibility for his conduct because it "highlighted [Defendant's] failure to testify and therefore had a decisive effect on the jury's imposition of the maximum sentence for arson, which was a manifest injustice, and in the absence of the improper argument, the jury's verdict likely would have been different."

Although Defendant suggests that his third point is limited to plain-error review because it was not included in the new trial motion, this appears incorrect as paragraph 12 of the new trial motion states that "[t]he [trial c]ourt erred in overruling the defense's objection during the state's sentencing closing argument, citing the Fifth Amendment right to remain silent."

Defendant presented two witnesses during the penalty phase, but he did not testify during either phase of the trial. During the State's initial closing argument on sentencing, the prosecutor argued that a sentence of seven years in prison on each count would be appropriate, but he also made statements deferring to the jury's determination of "an appropriate amount of time so that the community can be protected."

Defense counsel's closing argument included:

> You heard about how [Juvenile] and [Mr.] Black were punished for their role in these events, that [Juvenile] was given juvenile probation and thirty days house arrest and community service. I don't think thirty days jail is appropriate in [Defendant's] case; I'm not arguing for that. You heard how [Mr.] Black, who has been to prison several times already for various felonies, received seven years prison concurrent to a prison sentence for something else. No additional time. Under the circumstances, given what has happened and the magnitude of it, we don't think that [Defendant] ought to be punished more harshly than [Mr.] Black, who received no additional time despite his criminal record for these crimes.

The complained-of reference then came as follows during the State's rebuttal argument:

> [The prosecutor]: Punishment is always a difficult thing, to know what will affect one person and what will affect another. [Mr.] Black admitted from the beginning his responsibility for his actions. [Juvenile] admitted from the beginning her responsibility for her actions. [Defendant], up to this point in time, as we stand here, has not taken responsibility for what he did.
>
> [Defense counsel]: Objection. Fifth Amendment.
>
> [The trial court]: That's overruled. Please move on[.]

 During the penalty phase of a trial, the State may argue that a defendant "had demonstrated no remorse for his actions" when it is "a reasonable inference from the evidence in the case." *State v. McFadden*, 391 S.W.3d 408, 425 (Mo. banc 2013) (rejecting a defendant's claim that

the prosecutor's argument was an improper comment on the defendant's failure to testify). "The prosecutor is given even more latitude when responding to issues raised in the defendant's closing argument." *State v. Cannady*, 389 S.W.3d 306, 310 (Mo. App. S.D. 2013). Indeed, "[a] prosecutor may retaliate to an issue raised by the defense even if the prosecutor's comment would be improper." *State v. Sanchez*, 186 S.W.3d 260, 265 (Mo. banc 2006).

■ Here, the trial court did not abuse its discretion in overruling the objection. Defense counsel addressed the sentences given to Defendant's co-conspirators and argued that Defendant should not "be punished more harshly than" Mr. Black, who only faced a concurrent sentence that added "no additional" time to what he was serving on another offense. Even though a trial court does not generally consider a co-conspirator's statement in sentencing a defendant, *see State v. Shafer*, 969 S.W.2d 719, 742 (Mo. banc 1998), the trial court did not abuse its discretion here in overruling the objection because the prosecutor was rebutting defense counsel's argument that Defendant's sentences should be consistent with those given to Juvenile and Mr. Black.

Point 3 is also denied, and the judgment of conviction and sentence is affirmed.

MARY W. SHEFFIELD, P.J.—
CONCURS

GARY W. LYNCH, J.—CONCURS