

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Respondent, )
)   No. SD 37168
 v. )
)   **Filed: June 13, 2023**
KEITH H. BROWN, )
)
    Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable John D. Beger, Judge

**AFFIRMED**

Keith Brown claims his first-degree burglary conviction cannot stand because he was found guilty based on a legally insufficient verdict director. We affirm because the verdict director given to the jury was sufficient and not erroneous.

### Background

Brown has not challenged the sufficiency of the evidence to support his convictions, so we only briefly summarize the record. Brown knowingly entered unlawfully into Blake Davis's residence with a revolver. Davis testified that Brown pointed the revolver at Davis and instructed him to remain on the couch. Among other things, Brown threatened Davis's life, scrolled through and photographed text

conversations on Davis's phone, told Davis to have no further communications with a mutual female acquaintance, and threatened Davis that he would be killed if he contacted the police.

Brown was charged with kidnapping Davis, armed criminal action, unlawful use of a weapon, first-degree burglary, and trespassing, as well as other charges. Relevant on appeal, burglary was charged as unlawfully entering an inhabitable structure possessed by Davis "for the purpose of committing unlawful use of a weapon therein . . . ." During the instruction conference, Brown's counsel objected to the state's proposed verdict director on first-degree burglary and offered an alternate instruction. The court accepted Brown's instruction as part of the record but declined to give it to the jury. Brown was found guilty of first-degree kidnapping, first-degree burglary,[1] and trespass, but acquitted of armed criminal action, unlawful use of a weapon, and other charges. Brown appealed only his burglary conviction.

## Legal Principles

"In every trial for a criminal offense the court shall instruct the jury in writing upon all questions of law arising in the case that are necessary for their information in giving the verdict." Rule 28.02(a).[2] "'A verdict-directing instruction must contain each element of the offense charged and must require the jury to find every fact necessary to constitute essential elements of the offense charged.'" ***State v. Cooper***, 215 S.W.3d 123, 125-26 (Mo. banc 2007) (quoting ***State v. Doolittle***, 896 S.W.2d 27, 30 (Mo. banc 1995); ***State v. Krause***, 682 S.W.2d 55, 56 (Mo.App. 1984)).

"Whenever there is an MAI-CR instruction or verdict form applicable under the

---

[1] Section 569.160. All statutory citations are to RSMo (2016).
[2] Rule references are to Missouri Court Rules (2022).

law and Notes On Use, the MAI-CR instruction or verdict form shall be given or used to the exclusion of any other instruction or verdict form." Rule 28.02(c). When no approved instruction is applicable or the approved instruction must be modified, the instruction "shall be simple, brief, impartial, and free from argument[,]" and, "shall not submit detailed evidentiary facts." Rule 28.02(d).

"Whether a jury has been properly instructed is a question of law, which we review *de novo*." ***State v. Walker***, 549 S.W.3d 7, 10 (Mo.App. 2018). We will reverse only if an instructional error misled the jury and thereby prejudiced the defendant so as to deprive the defendant of a fair trial. ***State v. Torres***, 658 S.W.3d 270, 274 (Mo.App. 2023).

### Discussion

The first-degree burglary verdict director proffered by the state and given by the circuit court was patterned after Missouri Approved Instructions – Criminal 4th 423.52.[3] Brown does not claim error in the use of that language, that it varied from the charge, or that the facts inserted by the state as to the elements of the crime were insufficient or incorrect. Brown's proffered verdict director was identical to the state's in these regards.

The concluding paragraph of MAI-CR 4th 423.52 directs, "[*Insert a definition of the offense that defendant intended*.]" The intended offense "must be included in the instruction" and refers to the offense referenced in the second paragraph of the verdict director (i.e., "Second, that defendant did so for the purpose of committing the offense of [*name of offense*] therein"). MAI-CR 4th 423.52 Note on Use 2(a). The Notes on Use cross-reference MAI-CR 4th 433.00 Note on Use 2D, which requires use of the offense

---

[3] We will refer to these instructions as MAI-CR 4th.

3

definitions given in MAI-CR 4th 433.00. If an offense is not defined there, "an appropriate definition of the offense shall be drafted and submitted to the court for approval." MAI-CR 4th 433.00 Note on Use 2D.

In this case, the intended offense charged and named in the second paragraph of the verdict director was "unlawful use of a weapon," which is not a defined term in MAI-CR 4th 433.00. Therefore, a definition had to be drafted.

This is where the proffered verdict directors differed. The state's instruction read, "The following term used in this instruction is defined as follows: Unlawful use of a weapon means a person knowingly exhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner." Brown's instruction read, "Unlawful use of a weapon is defined by instruction _____[,]" apparently cross-referencing the verdict director for the separate unlawful use of a weapon charge (of which Brown was acquitted).

The state's instruction directly tracks the language of § 571.030.1(4), the statute that defined the offense of unlawful use of a weapon. This language does not submit detailed evidentiary facts and is simple, brief, impartial, and free from argument, consistent with the Rule 28.02(d) directive for occasions when instructional language is not provided by MAI-CR 4th and must be drafted. Brown's instruction is a cross-reference, not a definition as required by MAI-CR 4th 423.52. This is problematic because a cross-referenced verdict director would set forth various factual findings the jury had to make to convict Brown on a separate count, but it would not, and did not, include a simple, legal definition of "unlawful use of a weapon" as the state's instruction did.[4]

---

[4] In so holding, we are not saying that a separate verdict director for a different charge is irrelevant or of no potential value. For example, the omission of the definition of stealing in a burglary verdict director is error, but not necessarily plain error if the jury was instructed on stealing in a separate verdict director. *State v.*

4

Brown contends the state's definition "may have met the bare requirements" but did not comply with MAI-CR 4th 433.00 because it did not specifically describe the weapon intended to be used. He argues this was prejudicial because the jury had reasonable doubt about the presence or use of a weapon as evidenced by Brown's acquittal of unlawful use of a weapon.

This is not the first case in which a defendant has been found guilty of burglary but acquitted of the separate charge the state alleged the defendant intended to commit after unlawfully entering or remaining in a building. Acquittal on a separate offense does not preclude a jury from rationally inferring that a defendant unlawfully entered into a building with the *intent* to commit that offense. **State v. Haslar**, 887 S.W.2d 610, 613-15 (Mo.App. 1994). Such verdicts are not necessarily illogical or inconsistent as long as the offenses have different elements. **State v. Ford**, 367 S.W.3d 163, 167 (Mo.App. 2012). In this case, the fact that the jury did not convict Brown of unlawful use of a weapon does not mean the jury did not believe he unlawfully entered Davis's residence with the *intent* to commit that offense. We "will not presume to delve into the collective mind of the jury and create an inconsistency where one need not exist." **Id.** at 168.

More fundamentally, neither MAI-CR 4th 423.52 nor MAI-CR 4th 433.00 requires the degree of specificity Brown demands in defining the intended offense for the jury. The state must allege a specific *offense* as the object of the burglary. **State v. Umfleet**, 621 S.W.3d 15, 24-27 (Mo.App. 2021). We found no Missouri cases, and the parties do not cite any, discussing the level of specificity required for "unlawful use of a weapon" in the definitional section of a burglary verdict director. However, it is well established that

**Reed**, 243 S.W.3d 538, 541 (Mo.App. 2008). Plain error has a different standard of appellate review, and the legal sufficiency of a given definition is a different question than whether prejudice arose from the failure to give a definition.

5

when the intended object offense of a burglary charge is stealing, Missouri law does not require the state to prove the defendant intended to steal any specific object. *State v. Tilton*, 660 S.W.3d 500, 503 (Mo.App. 2023); *State v. Allen*, 508 S.W.3d 181, 186-87 (Mo.App. 2017). This same reasoning equally applies to the definition of "unlawful use of a weapon" as the intended object offense in a first-degree burglary verdict director. Such a definition need not name a specific weapon or specify exactly how the defendant intended to use that weapon.

### Conclusion

The verdict director required the jury to find every element of first-degree burglary and complied with MAI-CR 4th. The instruction included a definition of "unlawful use of a weapon" taken directly from § 571.030.1(4). The circuit court did not err in instructing the jury as it did. Point denied. Judgment and conviction affirmed.

JACK A. L. GOODMAN, C.J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS